PER CURIAM.
Appellant was tried and convicted on separate counts of breaking and entering a dwelling, petit larceny, and aggravated assault. He was adjudged guilty thereon and *62 sentenced to be imprisoned an aggregate of eight years on counts one and three. A three-year sentence on count two was suspended.
Appellant argues that the trial court erred in not suppressing evidence obtained on a search made upon arrest which was without a warrant; that the evidence was insufficient to support the conviction; and that the trial court erred in a ruling on evidence. Appellant’s objections have been considered in the light of the record and the briefs and we hold them to be without merit.
The motion to suppress evidence was based on a contention that the arrest, made without a warrant twenty-four hours after the state received a tip, was not supported by probable cause. Section 901.15 Fla.Stat., F.S.A., which prescribes occasions when an arrest may be made by an officer without a warrant includes: “When a felony has in fact been committed, and he has reasonable ground to believe that the person to be arrested has committed it.” On hearing on the motion to suppress, the trial judge found probable cause, and we do not disagree. On examination of the record we conclude the judgment has adequate evidentiary support. We find no merit in appellant’s third point, which was that the trial court committed reversible error by denying defendant’s motion for the state to disclose the identity of the informer. No case requiring the disclosure was made out. The stated purpose of the motion was to determine the status of the informer and whether he had opportunity to know the truth or accuracy of the information he imparted. No error was committed by denying such motion. Moreover, the reliance of the state on the tip was not misplaced. When acted on it led the officers to the defendant. It would be difficult to hold the tip was lacking in reliability when it proved to be reliable.
Affirmed.