PER CURIAM.
Richard Duncan Pearson was informed against, tried in the criminal court of record of Dade County, without a jury, and found guilty of the offense of buying, receiving or aiding in the concealment of stolen prop-' erty, for which he was sentenced to confinement for five years in the state penitentiary. He has appealed the judgment of conviction contending the trial court committed error in refusing his request that the identity of a confidential informer on whose information his arrest without a warrant came about, be revealed, and contending the trial court committed error in denying his motion to suppress the evidence which became disclosed on search and seizure upon the arrest. We have considered the appellant’s contentions in the light of the record and briefs and find them to be without merit. A detailed recitation of the facts and circumstances would serve no useful purpose.
In the circumstances presented, the trial court properly refused the motion to have the identity of the confidential informer revealed. Harrington v. State, Fla. App.1959, 110 So.2d 495. As authorized by § 901.15, Fla.Stat., F.S.A., the arrest without a warrant, and the consequent search which revealed the stolen property in pos *426 session and its seizure, were authorized on the basis of the information the arresting officers had received, and which they corroborated prior to arrest. The case of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, is in point, and sustains the arrest and search. See also Dasher v. State, Fla.App.1965, 178 So.2d 61.
Accordingly, the judgment appealed from is affirmed.
Affirmed.