295 So.2d 356 (1974)
STATE of Florida, Petitioner,
v.
Sanford KATZ and Milton Prenner, Respondents.
No. 73-1484.
District Court of Appeal of Florida, Fourth District.
May 31, 1974.
*357 Philip S. Shailer, State's Atty., and Jon H. Gutmacher, Asst. State's Atty., Fort Lauderdale, for petitioner.
Edward M. Kay, of Varon, Stahl & Kay, Hollywood, for respondents.
WALDEN, Judge.
Defendants, Katz and Prenner, were charged with a gambling offense under F.S. 849.01, F.S.A. (1971).
Pre-trial, the trial court ordered the state to disclose the identity of a confidential informant. We grant the writ of certiorari at the state's behest, quash the order under review, and remand for further proceedings consistent herewith.
Going back, a search warrant[1] had been issued for the premises of defendant, Milton Prenner. It was based upon an *358 affidavit.[2] The warrant was duly executed and alleged betting paraphernalia seized.
Defendants filed a motion to suppress the seized evidence and a hearing was conducted. Testifying was a security guard, Healy, and Detectives Dailey, Hodges and Wilton. Also testifying were Sonny Mathis (the "Sonny" referred to in the affidavit) and Salvatore Indviviglia (the "Sal the bartender" referred to in the affidavit).
As we view it, very little of moment was extracted at the hearing. The contents of the search warrant were explained, confirmed and corroborated in detail. Mrs. Scherer was named as the female who complained that her husband had been betting with Prenner for over a year losing in excess of $5,000.00. Finally, and this is apparently where the defendants find comfort reference the instant proceedings, Sonny and Sal deny that they ever said that Milton Prenner was a bookie. All the other witnesses controvert their denial in detail and so, post warrant, there appears to be a dispute as to whether Sonny and *359 Sal ever said that Prenner was a bookie  for whatever difference that makes.
Thereafter, and pre-trial, the defendants moved for the disclosure of the confidential informant referred to in the search warrant affidavit upon the naked averment, "* * * that the failure to disclose his identity will infringe upon the constitutional rights of the accused."
Relying upon the earlier Motion to Suppress and testimony adduced at the hearing thereon, the trial court entered the order under review responsive to the defendants' Motion for Disclosure of Confidential informant. (We assume from our record that there was no hearing or testimony on the motion to disclose.)
With reference to the disputed statements of Sonny and Sal, the trial court did not find either that they testified falsely or that the police officers testified falsely. Rather it was recited,
"In the case at bar, this Court finds that based upon the testimony and demeanor of the witnesses, there is a serious question as to the credibility of the affidavit and in order to avoid this risk, the name of the confidential informant must, therefore be disclosed."
Deleting all references to "Sonny" and "Sal" contained in the search warrant affidavit, "Two of the people who most readily speak of Prenner in those terms [Bookie] art: Sal the Bar Tender in the club and `Sonny' Mr. Marvin Orleans' personal body guard,'" it is our position there is still more than adequate legal probable cause to support the warrant. The allegations of the reliable informant, C-41, coupled with the corroboration and investigation of Detectives Dailey and Tobey are sufficient.[3] As a matter of fact, it is our view that the general suggestion that Sal and Sonny readily speak of Prenner as a bookie is nothing more than surplus and simply adds a little flavor to the documents. See State v. Gallo, 279 So.2d 71 (2d D.C.A.Fla. 1973); State v. Lemon, 212 So.2d 322 (2d D.C.A.Fla. 1968).
And so we have an unremarkable affidavit combined with the not unusual problem of balancing the rights of the accused with the rights of society. We know that the secrecy of the informer is normally privileged unless the accused is able to show some exception prescribed by case law, and that the ultimate test is one of fairness. In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956), the court stated:
"A further limitation on the applicability of the privilege [of confidentiality] arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure... ." 353 U.S. at 60-61, 77 S.Ct. at 628 (Emphasis added.)
Florida precedent on this matter includes Tollett v. State, 272 So.2d 490 (Fla. 1973) and Spataro v. State, 179 So.2d 873 (2d D.C.A.Fla. 1965), in which informant's identity had to be disclosed by the state to afford the defendants a fair trial of their cause.
The question of whether the identity of an informant must be revealed in order to verify probable cause for a warrant has been dealt with in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967):
"... Indeed, we have repeatedly made clear that federal officers need not *360 disclose an informer's identity in applying for an arrest or search warrant ... we have `recognized that "an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant," so long as the magistrate is "informed of some of the underlying circumstances" supporting the affiant's conclusions and his belief that any informant involved "whose identity need not be disclosed ... was `credible' or his information `reliable.'"'" 386 U.S. at 311, 87 S.Ct. at 1062.
See 46 Fla.Bar J. No. 11 644 (1972).
Finally, there is Florida law that directly confronts the issue and is in line with the precedent mentioned above. The Florida Supreme Court has enacted as the governing procedural law of this state F.R.Cr.P. 3.220(c)(2), 33 F.S.A.:
"Rule 3.220. Discovery
* * * * * *
(c) Matters Not Subject to Disclosure.
* * * * * *
"(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused."
and we believe it reflective of the criteria we must employ. The state assures that the informant will not be produced at a hearing or trial and we accept this as correct  otherwise our result would be different. See Spataro v. State, supra. The real question then is whether the failure to disclose at this state of the proceedings will infringe the defendants' constitutional rights. We specifically invited counsel to advise us on this issue and they have now carefully done so.
It is our opinion and holding here that there is no constitutional infringement and hence the state is not obliged to reveal the identity of its confidential informant. State v. Johnson, 285 So.2d 53 (2d D.C.A. Fla. 1973); State v. Petillo, 61 N.J. 165, 293 A.2d 649 (1973); see Harrington v. State, 110 So.2d 495 (1st D.C.A.Fla. 1959).
The defendants relied upon Roviaro v. United States, supra, Spataro v. State, supra, and Monserrate v. State, 232 So.2d 444 (3d D.C.A.Fla. 1970) in their advice to the court and we distinguish each of these as concerning the efforts of a defendant to obtain the identity of an informant whose identity must be known to afford the defendant a fair trial. Should the state attempt to introduce evidence related to the informant testimony, or should it occur that the informant must be confronted to allow defendant his Sixth Amendment right to confront a witness, then these named cases would apply. Presently, however, there is no abridgement of defendants' constitutional rights  as the affidavit supports a judicial finding of probable cause to issue a warrant.
Certiorari granted, with directions.
CROSS, J., and MOUNTS, MARVIN, Associate Judge, concur.
NOTES
[1] WARRANT
"IN THE NAME OF THE CITY OF POMPANO BEACH, FLORIDA, To All and Singular, the Chief of Police and/or Police Officers of the City of Pompano Beach, Broward County, Florida:
"WHEREAS, Det's M. Dailey & W. Tobey, as Police Officers of the City of Pompano Beach, Broward County, Florida, has this day made application before me for a Search Warrant and said application being supported by verified statement of the said, Det's Dailey & Tobey, wherein it has been alleged in said application that the affiant has reason to believe and does believe that a person or persons known to him as MILTON PRENNER UNLAWFULLY HAS, USES, EXERCISES, MIANTAINS OR CONTROLS A CONDOMINIUM APARTMENT & DOES HAVE, GAMING PARAPHENALIA, IMPLEMENTS, MATERIALS, APPLIENCES & U.S. UCURRENCY USED AND BEING USED IN CONNECTION WITH GAMBLING & BOOKMAKING AND IN VIOLATION OF FSS 849.01, FSS 849.231, FSS 849.25
against the laws of the State of Florida and the Ordinances of the City of Pompano Beach, Broward County, Florida, in the buildings, structure or place described as follows:
THE APARTMENT TO BE SEARCHED IS LOCATED AT 2850 NORTH PALM AIRE DRIVE AND IS IN BUILDING NUMBER TWO. THE BUILDING IS SIX STORIES HIGH AND IS LOCATED ON THE SOUTH SIDE OF NORTH PALM AIRE DRIVE AND THE BUILDING FACES NORTH. THE NUMBERS 2850 APPEAR ABOVE THE ENTRANCE TO THE GROUND FLOOR OF THE BUILDING. THE APARTMENT TO BE SEARCHED IS ON THE TOP FLOOR, THE SIXTH FLOOR. THE APARTMENT TO BE SEARCHED IS LOCATED ON THE SIXTH FLOOR JUST TO THE EAST OF THE ELEVATOR DOORS & HAS THE NUMBER 603 ON THE SOLID FRONT GRAY DOOR. THE FRONT DOOR OPENS OUT. TO THE WEST OF THE FRONT DOOR IS A WINDOW AND TO THE WEST OF THE WINDOW IS A WHITE DOOR THAT IS THE KITCHEN ENTRANCE. (Photographs omitted)
NOW, THEREFORE, the facts upon which the belief of said affiant are based as set out in said affidavit as well as the facts set forth in this Warrant, and as well as the additional sworn testimony of the affiant taken before me, are hereby deemed sufficient to show probable cause for the issuance of a Search Warrant, in accordance with the application of said affiants, DET'S DAILEY & TOBEY, as aforesaid: These presents, therefore, are to command you all and singular, the Chief of Police and/or Police Officers of the City of Pompano Beach, Broward County, Florida, with proper and necessary assistance to enter the premises above described and to make search for the said being possessed against the laws of the State of Florida and the Ordinances of the City of Pompano Beach, Broward County, Florida, and if the same or any part thereof be found in and upon said premises or curtilage, you are hereby authorized and commanded to seize and secure the same and to bring the said GAMBLING PARAPHENALIA, IMPLEMENTS, MATERIALS, APPLIENCES AND U.S. CURRENCY USED AND BEING USED IN CONNECTION WITH GAMBLING & BOOKMAKING AND IN VIOLATION OF FSS 849.01, FSS 849.231 & FSS 849.25. So found and the person or persons in possession thereof, before me to be further dealt with according to law.
"You are further directed to make a return of your actions and doings by virtue hereof to the undersigned judicial authority within ten (10) days from the date hereof, and to do and report concerning the same as the law directs.
"Authority is hereby granted to execute this Warrant in the daytime, the nightime or on Sunday.
"GIVEN UNDER MY HAND AND SEAL THIS 7 DAY OF June, 1973.
 /s/ William F. Zamer
 JUDGE, Municipal Court in and for
 the City of Pompano Beach, County
 of Broward, State of Florida"

[2] "On April 20th, 1973 your affiants received a complaint from an unidentified female stated that her husband was loseing money on a regular basis by placing bets on horses and sporting events with a resident of Palm Aire County Club known to her as Milton Prenner. She stated that Prenner lives at 2850 North Palm Aire Drive, Apartment Number `603'. She stated her husband had been betting with Prenner for over a year and had lost in excess of $5,000. She also stated that when her husband could not reach Prenner at his apartment he would call a second telephone number and bet with over the second telephone number.

"Your affiants began an investigation & learned that Milton Prenner s reputation in the Palm Aire Country Club community as a hole is that of a bookie. Two of the people who most readily speak of Prenner in those terms are: Sal the Bar Tender in the Club & "Sunny" Mr. Marvin Orleans personal body guard. Your affiants check the address given by the complaintant and found that 2850 N. Palm Aire Drive is listed to Milton Prenner in Apartment `603'. We learned that Prenner is secretary-Treasurer of General Vegetable Dist. Inc. of 1400 SW 1 Court, Pompano Beach, Fla.
"We then began a daily survalence of Milton Prenner and observed the following: Through the period of May 28 through May 31, 1973 we found Prenner to be one of three places, 2850 N. Palm Aire Drive, 1400 SW 1 Ct., Pompano in the office or at the Club House Resturant, located at the State Farmers Market, Pompano Beach, Fla. We also learned that Prenner drives 1973 Cadilaedr bearing 1973 Florida Registration Licence Tags 10WW38835 & that tag is listed to Milton Prenner, 2850 N. Palm Aire Dr., Pompano Beach, Fla.
"That on Monday May 20th, 1973 your affiant contacted confidential informant C-41 in regard to Milton Prenner & C-41 stated that has (sic) known Prenner for several years. That C-41 is trustworthy & reliable, and information from said informant when personally checked, has been found to be true in all respects. Said infor[*]-(sic) mation from C-41 has resulted in nine arrests & eight convictions & one case still pending.
"That on Wednesday May 23rd, 1973, C-41 contacted Milton Prenner by calling 946-5454 (listed to G.V.D. Inc. 1400 SW 1 Ct., Pomp.) and asking for `Milt'. When Milt answered C-41 bet $20 to show on the Number five horse in the Number three race at Calder Race Track. Your affiants listened to the bet being placed and taken on an extension telephone.
"That on Monday the 28th of May 1973, C-41 contacted Milton Prenner by calling 972-5607 (listed to Milton Prenner, 2850 N. Palm Aire Drive, Pompano Beach, Fla.) C-41 asked for `Milt' and then identified himself and stated I want to play $30. on the Number one horse in the fourth race at Calder for today to win. This conversation was also monitored.
"C-41 states that of his personal knowledge Prenner has been booking for the past two years of his personal knowledge. C-41 states that Prenner takes much of his action in the Clubhouse Resturant located at the Pompano Beach State Farmers Market on Hammondville Road, in Pompano Beach, Broward County, Florida.
"That your affiants having been police officers for some seven years each & having specialized in vice investagation for the past two years. That your affiants having made numerous gambling, bookmaking & lottery arrests due through their past experience believe that Milton Prenner is in fact a bookmaker and is taking booking type action over two telephone numbers as listed above and at two locations. Those being 2850 North Palm Aire Drive Apartment Number `603' & at the OFFICE LOCATED AT 1400 SW 1 COURT, POMPANO BEACH, BROWARD COUNTY, FLORIDA." (Emphasis supplied.)
[3] Defendant appears to hold the position that if any suggestion of lack of credibility is made, no matter how minute, as to any statements in the affidavit, such will open the door to disclosure of all informants, so they may be questioned as to their veracity. This position is untenable if the affidavit contains sufficient independent evidence supporting a finding of probable cause. Here there is corroboration of informant statements.