381 So.2d 1183 (1980)
The STATE of Florida, Petitioner,
v.
Pedro Pablo MARTINEZ, Respondent.
No. 79-1924.
District Court of Appeal of Florida, Third District.
March 18, 1980.
Rehearing Denied April 15, 1980.
Janet Reno, State's Atty., and Kurt L. Marmar, Asst. State's Atty., for petitioner.
John H. Lipinski, Miami, for respondent.
Before HENDRY and HUBBART, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
PER CURIAM.
A petition for writ of certiorari filed by the state presents for review an order of the circuit court requiring the state to disclose the identity of a confidential informant, in a prosecution against respondent for certain violations of Chapter 893 of the Florida Statutes. In light of the record, briefs and argument, we hold that the challenged order represents a departure from the essential requirements of law and must be quashed.
The transcript of testimony given at the hearing on respondent's motion to compel disclosure of the confidential informant contains the recitation of events prior to the arrest of Martinez. The police officer heading up the instant narcotics investigation testified that he received a telephone call from an informant with whom he had established a beneficial working relationship over four to five years; the informant told the officer that a certain named Cuban male who owned and operated a named business at a given address would be leaving his place of business at a specified time *1184 later that day and would drive to the residence of some Colombian subjects where he would receive a quantity of cocaine. The informant had given a full physical description of the person and the vehicle he would be driving. The police set up a surveillance pursuant to the information given by the informant, and each detail of the data given was thereafter corroborated by the police, and respondent was ultimately arrested (without warrant) while in possession of a kilogram of cocaine.
It has long been recognized in the federal courts and under the law of Florida that the state is not required to disclose the identity of a confidential informant who merely furnishes the probable cause basis for a search or an arrest. See, McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, reh. denied, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616 (1967); State v. Katz, 295 So.2d 356 (Fla. 4th DCA 1974); State v. Matney, 236 So.2d 166 (Fla. 1st DCA 1970); Pearson v. State, 190 So.2d 425 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 814 (Fla. 1967); Dasher v. State, 178 So.2d 61 (Fla. 3d DCA 1965); F.R.Cr.P. 3.220(c)(2).
Certiorari is granted and the order for disclosure of the identity of the informant is quashed.