418 So.2d 411 (1982)
STATE of Florida, Petitioner,
v.
Lorenzo WHITE, Respondent.
No. 82-1345.
District Court of Appeal of Florida, Second District.
August 18, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for petitioner.
Jerry Hill, Public Defender, Bartow, and Robert J. Krauss, Asst. Public Defender, St. Petersburg, for respondent.
SCHOONOVER, Judge.
The State of Florida has filed a petition for writ of certiorari alleging that an order of the trial court which required the state to disclose the identity of a confidential informant departed from the essential requirements of law and should be quashed. We agree.
On January 20, 1982, a confidential informant, equipped with a body bug that relayed his voice but did not make a tape recording, was sent into a bar in St. Petersburg, *412 Florida, by detectives from the St. Petersburg Police Department. Shortly after entering the bar, the informant related to the detectives that he had observed the respondent dealing in cocaine and that after completing a sale, he put cocaine into his sock. He also described the clothes being worn by the respondent. After conveying this information to the detectives, he left the bar and had no direct knowledge of subsequent events.
Based solely upon the information given by the confidential informant, the respondent was sought out and stopped by the detectives. After a pat-down search revealed cocaine and marijuana in his sock, he was arrested for possession of cocaine and marijuana.
During the course of pre-trial proceedings, the detectives, while giving their depositions, refused to disclose the name and address of the informant, and the respondent then filed a motion to compel disclosure.
At the hearing on the motion, the state presented testimony concerning the event and the reliability of the confidential informant. The state also represented to the court that the confidential informant would not be called upon to testify at any hearing or trial. At the conclusion of the hearing, the trial court granted the respondent's motion to compel disclosure, and the state filed this petition for writ of certiorari.
Florida Rule of Criminal Procedure 3.220(c)(2), provides as follows:
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.
In addition to this procedural rule, it appears to be established law that the state is privileged to refuse disclosure of a confidential informant whose information is relied upon to establish probable cause, and the burden is upon the defendant to show he is entitled to an exception. State v. Matney, 236 So.2d 166 (Fla. 1st DCA 1970).
Since the state represented to the trial court that the confidential informant would not be called upon to testify at any hearing or trial, the question before us is whether or not the respondent has carried his burden of showing that the failure to disclose the identity of the confidential informant will infringe upon his constitutional rights. At this stage of the proceedings, we hold that the state is not required to disclose the name and address of the confidential informant. It has long been recognized in the federal courts and under the law of Florida that the state is not required to disclose the identity of a confidential informant who merely furnishes the probable cause basis for a search or an arrest. State v. Martinez, 381 So.2d 1183 (Fla. 3d DCA 1980); McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, reh'g denied, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616 (1967); State v. Katz, 295 So.2d 356 (Fla. 4th DCA 1974); State v. Matney.
Unless a defendant can establish that it will be necessary for the prosecution to refer to the informer in the presentation of its case, or that he was an active participant in the offense with which the defendant is charged, or there is no independent evidence of the defendant's guilt, the state is not required to disclose the name of its confidential informant. Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965).
Upon remand, if the court is called upon to consider a motion to suppress the evidence obtained as a result of the search of the respondent, the court will have to consider the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Additionally, if the state's position changes during subsequent proceedings and it attempts to introduce evidence related to the informant's testimony, or should it occur that the informant must be confronted in order to allow the defendant his sixth amendment right to confront witnesses against him, the respondent may once again seek disclosure.
*413 Certiorari is granted, and the order requiring the disclosure of the identity of the informant is quashed.
GRIMES, A.C.J., and RYDER, J., concur.