«TOANOS, Judge.
The State of Florida and the Jacksonville Sheriff's Office filed a petition for common law certiorari requesting that this court reverse an order which compels the petitioner to reveal the name of a confidential informant. Petitioner argues that the trial court erred in the civil forfeiture proceeding by ordering the state to divulge the name and address of the confidential informant the state relied on during a criminal investigation. We agree. We grant certio-rari and reverse the trial court’s order.
Henshaw was arrested on May 12, 1987, and charged with possession of cocaine. She was in her car at the time and the cocaine was found in a bottle in her purse which was also in the car. She pled no contest and was sentenced. Also found, in the glove compartment, was less than 21 grams of marijuana, and cocaine scales. However, these items were claimed by Henshaw’s boyfriend, a passenger in the car. The Jacksonville Sheriff’s Department seized the motor vehicle which is the subject of this action. Petitioner filed a forfeiture proceeding pursuant to sections 932.701-704, Florida Statutes.
In depositions, the detectives who arrested Henshaw testified that the arrest was made pursuant to the execution of a search warrant in which they relied upon buys made by a confidential informant in the subject vehicle and in Henshaw’s apartment. The vehicle was stopped in the yard or curtilage of the apartment, and the cocaine was allegedly in the vehicle at the time of the search. In deposition, Hen-shaw admitted only that she sold cocaine out of her apartment during a 20 day period prior to the execution of the search warrant.
Henshaw filed a Request to Produce in which she requested that the log entries, and all records relating or pertaining to the payment of monies for controlled buys by a confidential informant, be given to her. The state filed a response to the request to produce objecting to the production and Henshaw filed a Motion to Compel.
The trial judge determined that, because this action is a civil proceeding, Henshaw’s *768 right to due process overrides the state’s asserted privilege as to the continuing confidentiality of the informant’s name and identity after disposition of the criminal case. The trial court ordered the state to disclose the name and address of the confidential informant only to Henshaw’s attorney and prohibited disclosing it to any third party except a court reporter.
Henshaw was not represented in this appeal, and failed to respond to this court’s order to show cause, pursuant to Rule 9.100(f), Florida Rules of Appellate Procedure, which requested Henshaw to show why relief should not be granted. Consequently, the state moved for sanctions and this court ordered that the response was deemed waived and the cause would be considered on the merits without further notice or opportunity to be heard by respondent.
We did not find any Florida case law on point, and none was supplied by the parties. Our research only revealed Florida cases which involve the use of confidential informants leading to civil forfeitures in general, and do not deal with the issue of whether the defendant can compel disclosure of the confidential informant. See Crenshaw v. State, 521 So.2d 138 (Fla. 1st DCA 1988), State v. McQueen, 501 So.2d 631 (Fla. 5th DCA 1986), rev. denied, 513 So.2d 1062 (Fla.1987); Moore v. State, 498 So.2d 612 (Fla. 5th DCA 1986), and In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d 306 (Fla. 4th DCA 1986), cause dismissed, 494 So.2d 1150 (Fla.1986).
We have reviewed the pertinent factors, as outlined by the Florida Supreme Court in Treverrow v. State, 194 So.2d 250 (Fla. 1967), in deciding whether the trial court erred by ordering the disclosure of the confidential informant’s identity. We deem important the fact that the informant was not on the scene during the arrest, and that the state does not intend to refer to the informant during the civil proceeding. Further, the state does not intend to use the informant as a witness, and hearsay evidence in the form of that supplied by a confidential informant is only properly admitted to establish probable cause. Such hearsay evidence cannot serve as a basis for forfeiture. Wellcraft Scarab at 311.
The judge granted the motion to compel disclosure because the officers were on the premises waiting to implement a search warrant based on the informant’s tip. The trial judge concluded that “the right to due process in the taking of property overrides any claim by the state of confidentiality of the public — of the confidential informant, especially under the facts of this case as represented to me by the attorneys.” However, in the transcript of the hearing on defendant’s motion, defense counsel only broadly asserted the wish to challenge the information that underlies the probable cause of the search warrant, and therefore needed to know the confidential informant’s identity so counsel could take the informant’s deposition. Counsel merely suggested, based apparently on certain admissions or statements (undisclosed) made by his client, that “it would seem to me that the arrest and procedure may well have been tainted ... based upon the inaccuracies of the search warrant and the affidavit in support of search warrant and lack of probable cause.” The state responded that the confidential informant was only a participant in the warrant, and was not a participant in the May 12 search action in this case. Further, in addition to the accused’s own admission that she was involved with drug sales, there is independent evidence from the officer’s own testimony of what happened on May 12 for purpose of the forfeiture proceeding alone. The state concluded that therefore, the identity of the informant was not material. The state has repeated its argument on appeal.
We agree with the state that Henshaw has not carried her burden of showing that the failure to disclose the identity of the informant will infringe upon her constitutional rights. “It has long been recognized in the federal courts and under the law of Florida that the state is not required to disclose the identity of a confidential informant who merely furnishes the probable cause basis for a search or an arrest.” State v. White, 418 So.2d 411, 412 (Fla. 2d DCA 1982), (criminal case). Further, *769 “[ujnless a defendant can establish that it will be necessary for the prosecution to refer to the informer in the presentation of its case, or that he was an active participant in the offense with which the defendant is charged, or there is no independent evidence of the defendant’s guilt, the state is not required to disclose the name of its confidential informant.” Id.
There are several federal cases that stand for the proposition that the strength of the privilege of nondisclosure is greater in civil than in criminal litigation. See generally Suarez v. United States., 582 F.2d 1007 (5th Cir.1978); In re United States, 565 F.2d 19, 22 (2nd Cir.1977), cert. denied, Bell v. Socialist Workers Party, 463 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978) and cases cited therein. See particularly United States v. Carey, 272 F.2d 492, 493 (5th Cir.1959), wherein the circuit court determined that the government was not required to disclose the informer on whose information the government relied to ultimately effect a forfeiture of an automobile.
We find that the trial judge weighed appropriate factors when balancing the parties’ interests, and when attempting to limit disclosure for litigation purposes only. However, we cannot affirm the limited disclosure absent any reason as to why such disclosure is important to the defense of the proceeding.
Putting aside any evidentiary considerations as to the ultimate decision on the merits of the forfeiture, as we must at this stage of the proceedings, we find that, given the facts of this case, the need for disclosure has not been made clear and therefore we must reverse and grant relief to the state. However, because the issue presented by this case, that is, whether disclosure of an informant can be compelled in a civil forfeiture proceeding, presents a case of first impression to us, we caution that our holding in this case applies only to the circumstances before us. Reversed and remanded for proceedings consistent with this opinion.
SMITH, C.J., concurs.
ZEHMER, J., dissents with written opinion.