ZEHMER, Judge
(dissenting).
A petition for common law certiorari should issue only upon a clear showing that the order under review constitutes a departure from the essential requirements of the law. Malone v. Costin, 410 So.2d 569 (Fla. 1st DCA 1982). Because I am unable to agree that such a departure has been shown in this case, I respectfully dissent.
This forfeiture proceeding is a civil action in which the Florida Rules of Civil Procedure govern questions of discovery. Rule 1.280 sets forth the general provisions governing discovery. Subparagraph (b) authorizes discovery of “any matter, not privileged, that is relevant to the subject matter of the pending action.” Subparagraph (c) authorizes the court to enter protective orders limiting or precluding discovery for good cause shown and gives the court discretion to apply one or more of eight specified alternatives. It is clear, therefore, that the trial court’s decision to grant, deny, or limit discovery is a matter of discretion which should be set aside only upon a showing of gross abuse. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
Since privileged matter is not subject to discovery, it became necessary for the trial court to determine whether the documents and information requested in this case were in fact privileged. That determination required, as the trial court’s order indicated, a balancing of the state’s need to protect the identity of its confidential informant against the defendant’s need to develop information in support of her defense to the petition for forfeiture.[1] The trial court was required to weigh these competing interests and exercise its discretion to fash *770 ion an order that would, to the maximum extent possible, serve and protect both competing interests. In my opinion, the trial court did precisely that in its order[2] requiring that:
1. The State shall forthwith provide to Fred Tromberg, Esquire, attorney for Jamie L. Henshaw the name and address of the confidential informant.
2. The State shall further forthwith provide counsel with the documents sought in the second paragraph of the claimant’s Request to Produce.
3. Fred Tromberg, Esquire is under continuing Court Order not to divulge the name or identity of the said confidential informant to any person, including Jamie L. Henshaw, under penalty of contempt of this Court.
4. Counsel for the parties shall cooperate in scheduling the deposition of the confidential informant, and the Court Reporter shall not divulge the name or identity of said person to anyone, under penalty of contempt of this Court.
5. The transcribed deposition shall be sealed, placed in the Court file, and only opened upon Court Order.
6. The only individuals permitted to attend the deposition of the confidential informant shall be respective counsel for the parties, the witness and the Court Reporter.[3]
The state argues, and the majority opinion holds, that the order granting discovery must be quashed because “Henshaw has not indicated why disclosure is necessary to her defense,” citing Treverrow v. State, 194 So.2d 250 (Fla.1967), and State v. White, 418 So.2d 411 (Fla. 2d DCA 1982). In Treverrow, the trial judge denied the requested discovery because the defendant requesting disclosure had failed to indicate why the discovery of the confidential informant was necessary. The district court of appeal affirmed this ruling, and the supreme court approved, finding no abuse of discretion on the part of the trial judge in denying such disclosure by the requesting party. In the instant case the trial court granted the requested discovery. Hence, Treverrow does not support a conclusion, implicit in the majority opinion, that the trial court departed from the essential requirements of law in granting discovery, for Treverrow does not decide whether the reasons given to and accepted by the trial court in this case are insufficient as a matter of law.
Similarly, State v. White does not pass upon the legal sufficiency of the reasons made apparent in this case for the disclosure of the identity of the confidential informant. In White the trial court ordered the state to disclose the informant’s identity. Upon petition by the state, the district court of appeal granted certiorari and quashed the trial court order because Florida Rule of Criminal Procedure 3.220(c)(2) explicitly provides, “Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.” No such showing was made by the defendant in view of the state’s representation that it would not use the informant at trial. While the court’s opinion also refers to the “privilege” of the state not to disclose the identity of its confidential informants absent a showing by the defendant of an exception to the rule, citing State v. Matney, 236 So.2d 166 (Fla. 1st DCA 1970), it is nevertheless clear that the decision was *771 based solely upon the satisfaction of the two requirements in the rule.
I have no quarrel with the statement quoted by the majority from White, 418 So.2d at 412, when applied in the context of a criminal case, because in such case the state has the heavy burden of proving guilt beyond a reasonable doubt and the defendant is not required to present any evidence in defense. In this forfeiture proceeding, however, the rules of criminal procedure do not apply and the state is entitled to rely on the statutory presumption set forth in section 932.703(1), Florida Statutes (1987), with the burden of showing that the property should not be forfeited upon the property owner. With this shifting of the burden of proof, the state’s representation that it will not use the confidential informant (as required by the cited rule of criminal procedure) becomes somewhat meaningless. In this forfeiture case, the confidential informant may well be called by Henshaw to testify not only about the probable cause for the arrest warrant respecting only the apartment premises described in it (in which Henshaw apparently did not reside), but to establish there was no connection between the use of appellant’s car and the illicit drug transactions under investigation.
Among the various documents filed by the state with its petition for certiorari is a copy of the transcript of proceedings before Judge Cox, who entered the order under review. At that hearing, the attorneys for the state and Henshaw both stated their positions regarding the requested discovery. Among other things, Mr. Trom-berg (Henshaw’s attorney) argued, in defense of the forfeiture, that the search warrant, pursuant to which the officers were acting when they arrested and searched Henshaw and the passenger in her automobile, and consequently searched and seized the automobile, was invalid and not based upon probable cause. He further argued that the arrest and search procedure employed by the police in searching Henshaw and her automobile was invalid and not supported by probable cause (the warrant was directed to an apartment premises, not to Henshaw’s automobile), and contended that but for the grounds of probable cause stated in respect to the search warrant based on information supplied by the confidential informant, the police officers would not have arrested Hen-shaw and searched the vehicle at that time. Henshaw’s attorney also represented, and it was not disputed by the state, that the confidential informant is no longer being used by the state in connection with any cases under investigation or trial, and therefore, he argued, there no longer was any need to maintain confidentiality.
Simply stated, counsel for Henshaw made it clear that in defending against the seizure and forfeiture he was attacking the sufficiency of probable cause upon which the search warrant was based in an effort to invalidate it and all information obtained and property seized by the police executing the warrant. Additionally, it appeared that the state was relying upon the information in the search warrant to establish probable cause for the arrest and search of Hen-shaw and the search and ultimate seizure of her automobile under the forfeiture statute. The circuit judge was thus made fully aware of the defendant’s reasons for pursuing discovery of the confidential informant, and the explanation the judge received was sufficient to support his exercise of discretion to require limited discovery in the restrictive manner he directed in the order.
The majority’s attempt to separate the information available through the confidential informant form the basis for arrest and search leading to this forfeiture by referring to Henshaw’s admission she was involved with drug sales (which did not, according to her, involve her automobile) and “independent evidence from the officer’s own testimony of what happened on May 12 for purposes of the forfeiture proceeding alone” (supra, p. 768) simply begs the question of whether the trial judge abused his discretion in ruling as he did. Clearly this case was going to be tried upon a sharply disputed view of the facts with appellant bearing the burden of proof, and this provided a reasonable basis for the trial judge to enter the order before us for *772 the purpose of allowing necessary discovery into relevant information that may either be admissible or lead to admissible evidence.
Because I conclude that the trial judge was empowered to exercise discretion and fashion procedures for discovery in view of the competing interests of the state, and Henshaw, that the discretion the trial judge exercised falls well within that accorded to him by law, and that the trial judge entered the order with full awareness of pertinent reasons for the claim of privilege and the limited discovery of the confidential informant so allowed, I cannot agree with the majority that the order under review departs from the essential requirements of law. Mere disagreement with the trial judge is not sufficient to warrant interfere ence by this court in the exercise of its certiorari jurisdiction.

. Of course, whether or not the information sought is admissible is not controlling on the right to discovery because "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fla.R. Civ.P. 1.280(b)(1).

. It should be pointed out that during the course of the hearing, attorneys for the state and Hen-shaw both indicated that if the discovery request should be granted, the next step would be a deposition of die confidential informant. For this reason, the order includes provisions with respect to the deposition of the informant as well as the Request to Produce.

. Henshaw was represented by attorney Fred Tromberg in the proceedings in the circuit court which led to the entry of the order under review. Shortly after the petition was filed, this court entered an order permitting Tromberg to withdraw as counsel for respondent. As indicated in the majority opinion, no response to the petition for certiorari was filed in this court by Henshaw or her counsel. Unfortunately, this court must dispose of this petition without the benefit of argument on behalf of Henshaw.