**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Clemente VALDOVINOS–VALDOVINOS, Defendant-Appellee.**

No. 84–1055.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 1984.

Decided Oct. 2, 1984.

Certiorari Denied Jan. 7, 1985.
See 105 S.Ct. 799.

---

Larry J. Gallagher, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellant.

Carlo Andereani, San Francisco, Cal., for defendant-appellee.

Before TANG, POOLE and CANBY, Circuit Judges.

PER CURIAM:

The United States appeals from the dismissal of an indictment against Clemente Valdovinos-Valdovinos ("Valdovinos"). The government argues that the district court's dismissal of the indictment because of outrageous government misconduct was improper. The government also contends that Valdovinos lacked standing to challenge the alleged outrageous practices of the immigration authorities. Because we agree with the government that Valdovinos lacked standing to challenge the conduct of the government, we reverse the order dismissing the indictment.

The challenged conduct raised by Valdovinos and the basis for dismissal by the district court centered around the operation of a government "cold line". The cold line is an undercover telephone operation set up and staffed by Immigration and Naturalization Service ("INS") officers. The undercover INS agents pose as American employers seeking to hire illegal aliens. The purpose of the cold line is to make contact with persons who may want to enter the United States illegally. After initial phone contact is made, the undercover INS agents offer to reimburse the smuggling expenses incurred by the aliens and to provide them with employment. Once the individuals enter the United States and rendezvous with the INS agents to claim their expenses and jobs, the agents arrest those in charge of transporting the aliens and the aliens themselves are deported.

The outrageous conduct defense originated from the Supreme Court's decision in *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). In *Russell*, the Court observed that certain police activities might be so egregious as to violate the due process clause of the Constitution:

> [W]e may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction...."

*Id.* at 431–32, 93 S.Ct. at 1642–43 (citations omitted).

However, subsequent to *Russell*, the plurality opinion in *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976) noted that "[the] limitations of the Due Process Clause of the Fifth Amendment come into play only when the Government activity in question violates some protected right of the *defendant.*" 425 U.S. at 490, 96 S.Ct. at 1650 (emphasis in original). The *Hampton* plurality's implicit standing limitation placed on assertion of the outrageous conduct defense was ratified by a majority of the Court in *United States v. Payner*, 447 U.S. 727, 737 n. 9, 100 S.Ct. 2439, 2447 n. 9, 65 L.Ed.2d 468 (1980).

*Hampton* and *Payner* preclude defendants from raising due process violations allegedly suffered by third parties. It is uncontroverted in the present case that Valdovinos had no direct contact with the cold line. Any due process violations in the instant controversy involved the Fifth Amendment rights of the two illegal aliens

encouraged to illegally enter the country. Valdovinos lacked standing to challenge these alleged violations.

Because we find that Valdovinos lacked standing to challenge the alleged outrageous conduct of the government, we need not at this time decide whether the operation of the cold line constituted outrageous conduct.

Accordingly, the district court's order dismissing the indictment against Valdovinos is

REVERSED.