534 So.2d 864 (1988)
The STATE of Florida, Appellant,
v.
Juan P. ZAMORA, Valentin L. Chaves, Ismael Francisco Puente, and Lazaro Diaz, Appellees.
No. 86-3079.
District Court of Appeal of Florida, Third District.
December 6, 1988.
*865 Robert A. Butterworth, Atty. Gen. and Terry L. Redford and Joni Braunstein, Asst. Attys. Gen., for appellant.
John H. Lipinski, Miami, for appellee Puente.
No appearance by appellees Zamora, Chaves, and Diaz.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
HUBBART, Judge.
This is an appeal by the state from a trial court order dismissing an information for failure of the state to produce a confidential informant for an in camera review. For the reasons which follow, we reverse the order under review because there was no legal basis in the first instance to require such an in camera production of the confidential informant.

I
The facts of this case may be briefly stated as follows. The state filed an information before the circuit court in Dade County charging the defendants Juan P. Zamora, Valentin L. Chaves, Ismael *866 Puente, and Lazaro Diaz with: (1) trafficking in cocaine, and (2) conspiracy to traffic in cocaine.[1] The defendants entered a plea of not guilty and the cause proceeded to a jury trial, during the course of which a mistrial was declared. Subsequent thereto, the defendant Diaz filed a motion to disclose the identity of a confidential informant who was allegedly used by the police in this case "to aid them in their investigation." [Motion for Disclosure, p. 1.] The motion for disclosure alleged, in effect, that on December 17, 1985, the confidential informant was a witness to a series of conversations between an undercover police officer and some of the defendants in this cause, which conversations ultimately led to an illegal cocaine sale to the said officer. The informant was allegedly used to introduce the undercover officer to potential sellers of cocaine, and apparently facilitated such an introduction to the defendant Chaves. The informant also allegedly witnessed the actual drug sale charged in this case. The motion asserts that the defendant Diaz is entitled to "the identity of the confidential informant as [the informant] is an essential witness in the defendant's defense"; this defense, however, is not identified or described in the motion. The above facts are based on a discovery deposition of the undercover police officer taken by the defendant Diaz subsequent to the mistrial in this case.[2]
The motion for disclosure came on for a hearing below, and after receiving argument thereon, the trial court ordered the state to produce the confidential informant for the court's in camera review on the ground that the "confidential informant ... was both privy to and a witness to the entire transaction." [Dismissal order, para. 3]. During this hearing, counsel for defendant Diaz stated that his defense in the case was that Diaz did not touch the paper bag containing the alleged cocaine which was the subject of the charged drug sale, Diaz' sole alleged participation in the charged drug offenses; counsel, however, did not proffer how he intended to establish this defense, whether through Diaz' own testimony or through other evidence. The other defendants apparently joined in Diaz' motion for disclosure, but made no argument in support thereof.
At a subsequent hearing, the state announced that the undercover police officer could not find the confidential informant, and that, consequently, the state was unable to produce the said informant for the trial court's in camera review. At a later hearing on the defendant's ore tenus motion to dismiss the information for failure of the state to produce the confidential informant, the trial court heard argument from counsel for all the parties below. The basic position taken by the defendants at the hearing was that the confidential informant was present at all the relevant events in this case and was therefore an essential witness; certain contradictions in the depositions of various state witnesses were also noted and it was urged that the informant would have knowledge as to who was correct on these conflicts. No defense, however, was ever proffered by any of the defendants during this hearing. Moreover, the undercover police officer inexplicably failed to appear at this hearing to give testimony, as required, concerning his efforts to locate the confidential informant  so that the state had to concede, in effect, that the informant was lost due to the state's calculated official ignorance. At the conclusion of the argument, the trial court granted the motion to dismiss on the ground that "substantial prejudice" would be suffered by the defendants if required to go to trial without the testimony of the confidential informant. [Dismissal order, para. 5]. This appeal follows.

*867 II

A
It is well settled in Florida that the state "has a limited privilege to withhold the identity of a confidential informer... ." State v. Hassberger, 350 So.2d 1, 2 (Fla. 1977); see Treverrow v. State, 194 So.2d 250, 252 (Fla. 1967); Spataro v. State, 179 So.2d 873, 878 (Fla. 2d DCA 1965); State v. Hardy, 114 So.2d 344 (Fla. 1st DCA 1959); Harrington v. State, 110 So.2d 495, 497-98 (Fla. 1st DCA 1959). The underlying rationale for this limited privilege is based on strong public policy considerations which, in turn, serve to define the scope of the privilege. As the Court stated in the leading case of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (footnotes omitted):
"The purpose of the privilege [of nondisclosure] is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable."
As the court further stated in one of the early Florida cases on this subject:
"The privilege whereby law enforcement officers are not required to disclose the identity of those furnishing information with regard to the commission of crimes is based on sound public policy and has long been recognized by the courts of this country and of England. Hardy's Trial, 24 How.St.Tr. 99 (1794); United States v. Moses, 1827, 27 Fed.Cas. page 5, No. 15,825, 4 Wash.C.C. 726. It is common knowledge that without the aid of confidential informants the discovery and prevention of crime would present such a formidable task as practically to render hopeless the efforts of those charged with law enforcement. And the alarming fact that the underworld often wreaks vengeance upon informers would unquestionably deter the giving of such information if the identity of the informer should be required to be disclosed in all instances."
Harrington v. State, 110 So.2d 495, 497 (Fla. 1st DCA 1959).
It is equally well settled in Florida that this limited privilege must give way under certain compelling, but narrow, circumstances. This exception was first articulated in Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 628-29, 1 L.Ed.2d 639, 645-46 (1957):
"Where the disclosure of an informer's identity, or of the contents of his communication, [1] is relevant and helpful to the defense of an accused, or [2] is essential to a fair determination of a cause, the privilege must give way.
... .
We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."
The Florida courts have since adopted this formulation of the exception. State v. Hassberger, 350 So.2d 1, 2 (Fla. 1977); Treverrow v. State, 194 So.2d 250, 252 (Fla. 1967); State v. Matney, 236 So.2d 166, 169 (Fla. 1st DCA 1970); Spataro v. State, 179 So.2d 873, 878 (Fla. 2d DCA 1965). The underlying rationale for this exception is that, notwithstanding the important public policy considerations which support the privilege of nondisclosure, these considerations cannot prevail where such nondisclosure either runs a substantial risk of convicting *868 an innocent person or substantially threatens the accused's due process right to a fair trial. Moreover, it is clear that "the burden is upon the defendant claiming [the aforesaid] exception to the rule [of nondisclosure] to show why an exception should be invoked." Treverrow, 194 So.2d at 252; see State v. Acosta, 439 So.2d 1024, 1026 (Fla. 3d DCA 1983); State v. Kirksey, 418 So.2d 1152, 1154 (Fla. 1st DCA 1982); Elkins v. State, 388 So.2d 1314, 1315 (Fla. 5th DCA 1980); State v. Anderson, 329 So.2d 424 (Fla. 3d DCA 1976).

B
There are two alternative components to the aforesaid exception stated in Roviaro, either one of which if shown by the defendant is sufficient to overcome the limited privilege of nondisclosure. First, disclosure of the confidential informant is required where the informant's identity or the content of his communication is "relevant and helpful to the defense of an accused." Roviaro; Hassberger; Spataro; Matney. This component necessarily centers around a specific defense asserted by the defendant in the case, as to which the informant's testimony is material and helpful. Second, disclosure of the confidential informant is also required where the informant's identity or the content of his communication is "essential to a fair determination of a cause." Id. This component necessarily concentrates on general due process considerations and is not confined to a defense raised by the defendant in the case, as in the first component stated above.

1
Under the first component of the Roviaro exception, Florida courts have ordered the disclosure of a confidential informant only in cases where the defendant asserted a legally recognized defense to the crime charged, supported that defense with sworn proof, and showed that the confidential informant was a material witness to this defense.[3] In these cases, the courts have been persuaded that the nondisclosure of the confidential informant substantially impaired the defendant's ability to present an otherwise viable defense to the crime charged and thus presented a danger that an innocent person may well have been convicted.
Out of an abundance of caution, the Florida courts have further held that where the defendant comes close to, but technically falls short of, establishing this first component of the Roviaro exception, the trial court is nonetheless required to order the state to produce the confidential informant for the court's in camera review to determine if the subject informant is a helpful witness to the defense being raised by the defendant. We have recently summarized this line of Florida cases as follows:
"To invoke an in camera hearing, a defendant must file a sworn motion or affidavit alleging facts concerning the informant's involvement which, if true, would support the possibility of a specific asserted defense. Beasley v. State, 354 So.2d 934 (Fla. 2d DCA 1978). The defendant need not allege all the elements of the defense; it is sufficient that the defense is possible in light of the alleged facts. See, e.g., Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977), rev'd on other grounds, 357 So.2d 706 (Fla. 1978). Alternatively, the defendant's burden is met if the necessary facts are apparent from other evidence. Munford v. State, see also State v. Mesa. When it appears *869 that a defendant may have a valid basis to invoke an in camera hearing, he is entitled to the opportunity to file a sworn affidavit alleging sufficient facts. See Riggins v. State, 374 So.2d 1126 (Fla. 1st DCA 1979). The materiality of the informant's testimony to the defense can be established in an in camera hearing, thereby sustaining the higher burden to show the need for disclosure. State v. Williams."

State v. Acosta, 439 So.2d 1024, 1027 n. 2 (Fla. 3d DCA 1983).
On the other hand, Florida courts have not hesitated to deny disclosure under this component of the Roviaro exception where the defendant has either adduced no viable defense supported by sworn proof to the crime charged, or has failed to show how the confidential informant was a material witness to the relevant events giving rise to the asserted defense.[4] In each of these cases, the courts have implicitly concluded that there was no danger whatever that an innocent person would be convicted if disclosure of the confidential informant was not ordered because the defendant had no viable defense, supported by sworn proof, to the crime charged.

2
Under the second alternative component of the Roviaro exception, Florida courts have ordered the disclosure of a confidential informant where such was deemed essential in order to guarantee the defendant his due process right to a fair trial; to date, the cases which have ordered such disclosure have centered around the defendant's right to be informed of the crime with which he is charged or to confront the witnesses against him. Inasmuch as this component has nothing to do with whether the confidential informant has valuable testimony for the defense, the courts have not ordered in camera review of such testimony; in camera review has been confined exclusively to the first alternative component of the Roviaro exception.
It has accordingly been held that disclosure of a confidential informant is absolutely required where the defendant is charged with selling or delivering illegal drugs to the subject informant, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Monserrate v. State, 232 So.2d 444 (Fla. 3d DCA 1970), or where the state calls the confidential informant as a witness at trial, Hassberger v. State, 350 So.2d 1 (Fla. 1977), or where the informant executes the affidavit upon which a search warrant is issued for the search of the defendant's home, Baker v. State, 150 So.2d 729 (Fla. 3d DCA 1963), or where the confidential informant is a defense witness at trial, and the defendant seeks to cross examine a police officer concerning the informant's identity and active involvement in the charged illegal drug transaction, Smith v. State, 318 So.2d 506 (Fla. 2d DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). In each of these cases, the courts have implicitly concluded that the disclosure of the informant was an essential part of the defendant's due process right to be *870 informed of the charges against him or to cross examine the witnesses against him.[5]
On the other hand, the Florida courts have consistently denied disclosure under this second component of the Roviaro exception where the sole showing for said disclosure was that the informant, as here, was merely present during the illegal drug transaction with which the defendant was charged, and accordingly was a witness thereto, Doe v. State, 262 So.2d 11, 12 (Fla. 3d DCA 1972); Kraus v. State, 243 So.2d 214 (Fla. 3d DCA), cert. denied, 247 So.2d 324 (Fla. 1971); see Savinon v. State, 277 So.2d 58, 59 (Fla. 3d DCA 1973), or acted as a mere tipster, furnishing the police with information which provided a lead in the investigation of the case, State v. Matney, 236 So.2d 166, 169 (Fla. 1st DCA 1970). In these cases, the defendant was not charged with selling or delivering drugs to the confidential informant, as in Roviaro and Monserrate, and, accordingly, there was no need to require disclosure in order to ensure the defendant's due process right to be informed of the charges against him.
Florida courts, as well as federal courts, have also consistently denied disclosure under this component of the Roviaro exception where the sole showing for disclosure was that the informant merely furnished the police with the probable-cause basis for a search or arrest of the defendant.[6] In these cases, the informant did not execute a search warrant affidavit against the defendant as in Baker, and, consequently, there was no need to require disclosure in order to ensure the defendant's due process right to confront the witnesses against him.

C
As for sanctions to be imposed for violation of a disclosure order, it is well settled that "[i]n these situations [as discussed above] the trial court may require disclosure [of the confidential informant], and if the Government withholds the information, dismiss the information [or indictment]." Roviaro, 353 U.S. at 61, 77 S.Ct. at 628. The same rule obtains where the state or its police agents are ostensibly willing to reveal the name and address of the confidential informant upon court order, but, through their calculated official ignorance or deliberate intentional activity, the informant has disappeared and his whereabouts are unknown. Aldazabal v. State, 471 So.2d 639 (Fla. 3d DCA 1985); State v. Jones, 247 So.2d 342 (Fla. 3d DCA 1972); compare Guzman v. State, 498 So.2d 639 (Fla. 3d DCA 1986); State v. Saldarriaga, 486 So.2d 683 (Fla. 3d DCA 1986). There is further authority that a trial court is precluded from dismissing an information or indictment without first ordering an in camera review of the informant's testimony to determine whether the said testimony is relevant and helpful to a defense of the accused, State v. Jimenez, 428 So.2d 356 (Fla. 3d DCA 1983); State v. Williams, 369 So.2d 416 (Fla. 3d DCA *871 1979); obviously, this requirement only applies where the defendant seeks disclosure under the first component of the Roviaro exception. In any event, no dismissal order can stand where the trial court was in error in the first instance in ordering the disclosure of the confidential informant, whether for the defendant or for in camera review by the court.

III
Turning now to the instant case, we have no trouble in concluding that the trial court erred in dismissing the information below for failure of the state to produce the confidential informant for its in camera review. This is so because there was no legal basis for ordering such in camera review in the first instance.

A
As previously noted, an order directing in camera review of a confidential informant lies only when the defendant invokes the first component of the Roviaro exception; that is, the defendant must allege facts and generally make an evidentiary showing in support thereof, "concerning the informant's involvement [in the charged offense] which, if true, would support the possibility of a specific asserted defense [to the crime charged]." Acosta, 439 So.2d at 1027 n. 2. In the instant case, however, no such showing was ever made below.
The defendants Zamora, Chaves and Puente never even asserted a specific defense to the crimes charged below, much less made an evidentiary showing of same, and thus made utterly no showing that the confidential informant would be a material witness in support of a possible defense. Indeed, these defendants filed no motion for disclosure below, but only joined in the defendant Diaz' motion which relates solely to Diaz. This being so, there was a totally insufficient basis for ordering the confidential informant's in camera production as to these defendants.
As for the defendant Diaz, his "sworn" motion for disclosure asserts no defense on his behalf to the charged crimes and therefore makes no showing whatever that the confidential informant was or could be a material witness as to a specific defense raised in the cause. We recognize, however, that his argument presented to the trial court appears to assert a possible defense, namely, that he did not touch the paper bag containing the alleged cocaine which was the subject of the charged drug sale, and, therefore, he was presumably innocent of said sale. Arguably, this might call for an in camera production of the confidential informant as to Diaz, except that it is clear that Diaz had no sworn proof whatever of such defense and was merely asserting same as an unsupported defense theory which he might use in argument to the jury. This being so, he was not entitled to an in camera production of the confidential informant for the trial court on the off chance that the said informant might possibly support such an otherwise unsupported defense theory. There is further no merit to the argument that disclosure or in camera production was required merely because of conflicts in the deposition testimony of various state witnesses which the informant might help resolve; such a claim is irrelevant absent a viable defense as to which the informant would be a material witness.
Moreover, the trial court's stated basis for ordering the subject in camera production was clearly insufficient, to wit: that the "confidential informant ... was both privy to and a witness to the entire transaction." [Dismissal order, para. 3]. Merely because a confidential informant is a witness to relevant events in a criminal case does not, without more, require the confidential informant's production for the trial court's in camera review. It must also be shown that the defendant has a possible viable defense in the case, supported by sworn proof, as to which the said informant might be a material witness. No such showing was made in this case, and, accordingly, it was error for the trial court to order the in camera production of the confidential informant herein.

*872 B
Finally, it should be noted that the second component to the Roviaro exception was not even arguably involved in this case. No showing of any kind was made which remotely demonstrated that disclosure of the confidential informant was required in order to guarantee the defendant his due process right to a fair trial. The defendant was not charged with selling or delivering drugs to the subject informant, compare Roviaro; Monserrate; the state did not call the informant as a witness at trial, compare Hassberger; the informant did not execute a search warrant affidavit against the defendant, compare Baker; and the defendant did not call the informant as a defense witness at trial only to be precluded on cross examination from establishing that this witness was in fact the informant in the case. Compare Smith. Moreover, the mere fact that the informant was present during the charged illegal drug transaction cannot change this result. Doe; Kraus; Savinon. Beyond that, in camera review is totally inappropriate, in any event, when this second component of the Roviaro exception is invoked.
For the above-stated reasons, the order of dismissal under review is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Roberto Liriano was also charged as a co-defendant in this information, but, for reasons undisclosed by this record, did not appear below in this cause; Liriano was also charged separately in a third count of the information with unlawful possession of a firearm while engaged in a criminal offense.
[2] The parties in their briefs state that the motion for disclosure was sworn to below; however, the signature lines for the defendant Diaz and the notary public on the subject motion are, in fact, blank. We nonetheless treat the subject motion as the equivalent of a sworn motion as it was based on the sworn deposition testimony of the undercover police officer in this case.
[3] Woods v. State, 355 So.2d 437 (Fla. 4th DCA 1978) (the defendant asserted an otherwise viable misidentification and alibi defense to a delivery of heroin charge; the confidential informant was present during all or part of the charged criminal transaction and could testify whether the defendant delivered the heroin as charged); Richert v. State, 338 So.2d 40 (Fla. 4th DCA 1976) (the defendant testified at trial that he was entrapped by a confidential informant, together with a police officer, into delivering a controlled substance to a third party), cert. denied, 346 So.2d 1250 (Fla. 1977); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965) (female defendant testified at trial that the marijuana, which she was charged with possessing in a house, belonged to a female codefendant with whom the defendant was temporarily residing at the house; the confidential informant was a material witness to this defense because, immediately prior to this possession, he purchased marijuana from a "female" in the house).
[4] State v. Perez, 438 So.2d 436 (Fla. 3d DCA 1983) (asserted defense of entrapment to sale of cocaine was held legally unavailable to defendant); State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981) (defendant made no evidentiary showing (a) to support his asserted entrapment defense to the charged crime, or (b) to support the claim that the confidential informants were involved in or privy to any such entrapment); Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980) (no defense asserted by defendant to charged crime of sale of PCP); Rowell v. State, 382 So.2d 886 (Fla. 1st DCA 1980) (defendant asserted only speculative theory, unsupported by any proof, that the confidential informer would exonerate the defendant of charged crimes involving illegal possession of controlled substances); McCants v. State, 363 So.2d 362 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 469 (Fla. 1979) (no defense asserted by defendant to the charged crime of sale of heroin during pre-trial proceedings for disclosure of informant); Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975) (defendant asserted that without the confidential informant, "the defendant could not prepare a defense," but failed either to specify this defense or show how the informant's testimony would be relevant or material); State v. Davis, 308 So.2d 539 (Fla. 3d DCA 1975) (no defense asserted by defendant to the charged lottery violations); Doe v. State, 262 So.2d 11 (Fla. 3d DCA 1972) (no defense asserted by defendant to the charged crime of unlawful sale of heroin, although informant was present during such sale).
[5] It has also been said that courts weigh various factors in determining whether this component of the Roviaro exception has been established, namely:

"`whether it was necessary for the prosecution to refer to the informer in the presentation of the case, or whether the informer's existence was first brought out on cross-examination by the defendant; whether the informer was an "active participant" in the offense with which the defendant is charged or is a "mere informer" who supplies a "lead"; whether the accused admits or does not deny guilt; and whether there is independent evidence of the accused's guilt. The foregoing factors are only some of those considered in determining whether the privilege is applicable and is not intended to be all inclusive.'"
Treverrow v. State, 194 So.2d 250, 252 (Fla. 1967) (quoting from Spataro v. State, 179 So.2d 873, 879 (Fla. 2d DCA 1965)). These factors, however, seem primarily relevant in assessing whether the defendant's due process right to cross examine a state witness has been abridged.
[6] See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, reh. denied, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616 (1967); State v. Kirksey, 418 So.2d 1152, 1154 (Fla. 1st DCA 1982); State v. White, 418 So.2d 411, 412 (Fla. 2d DCA 1982); State v. Martinez, 381 So.2d 1183, 1184 (Fla. 3d DCA 1980); State v. Katz, 295 So.2d 356 (Fla. 4th DCA 1974); State v. Matney, 236 So.2d 166 (Fla. 1st DCA 1970); Pearson v. State, 190 So.2d 425 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 814 (Fla. 1967); Dasher v. State, 178 So.2d 61 (Fla. 3d DCA), cert. denied, 183 So.2d 214 (Fla. 1965).