686 So.2d 722 (1997)
STATE of Florida, Appellant,
v.
Allen ROBERTS, Appellee.
No. 96-01549.
District Court of Appeal of Florida, Second District.
January 3, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Michael J.P. Baker, Assistant Public Defender, Bartow, for Appellee.
BLUE, Judge.
The State appeals an order requiring disclosure of a confidential informant's identity. Because this is not an order appealable by the State, see Florida Rule of Appellate Procedure 9.140(c), we have treated the appeal as a petition for a writ of certiorari. Based on the trial court's failure to hold an in camera hearing prior to ordering the disclosure, we grant the writ and quash the order compelling disclosure.
Allen Roberts was charged by information with sale of cocaine and delivery of cocaine to a minor. Roberts filed a motion to compel the disclosure of a confidential informant's identity. In the motion, Roberts asserted a defense of misidentification. The trial court granted the motion and ordered the State to *723 disclose the identity. The trial court denied the State's request for an in camera hearing prior to disclosure.
Once a defendant carries an initial burden of showing that disclosure is necessary to a specific defense, the trial court should hold an in camera hearing to determine, in fact, whether the disclosure would be relevant and helpful to the defense. Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977), quashed in part on other grounds, 357 So.2d 706 (Fla.1978). See also 24 Fla. Jur.2d, Evidence & Witnesses § 748 (1995). When a defendant comes close to carrying this burden, "the trial court is ... required to order the [S]tate to produce the confidential informant for the court's in camera review to determine if the subject informant is a helpful witness to the defense being raised by the defendant." State v. Zamora, 534 So.2d 864, 868 (Fla. 3d DCA 1988). Because the trial court's order is a violation of clearly established principles of law resulting in a miscarriage of justice, we grant the petition for certiorari. On remand, the trial court shall vacate the order compelling disclosure until it determines, after an in camera hearing, whether the informant's testimony would be relevant and helpful to Roberts' misidentification defense. See State v. Williams, 369 So.2d 416, 418 (Fla. 3d DCA 1979) (remanding for in camera hearing to determine if the confidential informants' testimony "would tend to exculpate the defendants or if it would be materially at variance with the testimony of the police officers").
Petition granted, order requiring disclosure quashed, and remanded for further proceedings.
SCHOONOVER, A.C.J., and FRANK, J., concur.