713 So.2d 1050 (1998)
STATE of Florida, Appellant,
v.
Luis Fernando AYALA, Appellee.
No. 97-2633.
District Court of Appeal of Florida, Third District.
June 24, 1998.
*1051 Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellant.
Irwin G. Lichter, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
SORONDO, Judge.
The State of Florida appeals the trial court's order granting Luis Fernando Ayala's motion to produce a confidential informant. As the State correctly observes in its brief, this is not an appealable interlocutory order, see Florida Rule of Appellate Procedure 9.140(c), accordingly, we treat this appeal as a petition for writ of certiorari. See State v. Roberts, 686 So.2d 722 (Fla. 2d DCA 1997).
Ayala and his co-defendant were charged with trafficking in cocaine and conspiracy to traffic in cocaine. During the course of discovery, Ayala filed a motion to produce the confidential informant. After hearing argument, the trial court indicated that it was inclined to grant the motion and order the state to produce the informant for deposition without first conducting an in-camera hearing to determine if the informant actually possessed relevant information to the defense. Before entering a formal ruling the court conducted an evidentiary hearing and heard the testimony of Detective Villaronga and Ayala.
Ayala testified that he had numerous conversations with the informant over a month and a half prior to the drug transaction involved in this case. According to Ayala the informant suggested that he (Ayala) purchase drugs. He testified that although he initially refused, he subsequently agreed, under pressure from the informant, to act as a middleman for a cocaine sale.
Detective Villaronga testified that on January 21, 1997, he was contacted by the informant who informed him that he had someone interested in buying cocaine. Villaronga advised the informant to arrange a meeting between himself and Ayala for the next morning. That morning Ayala traveled to a gas station in Homestead with the informant in the informant's car. Ayala and the detective discussed the sale of the cocaine in the detective's pick-up truck. Ayala sampled the cocaine for purity and indicated that he would return later that afternoon to purchase nine kilograms of cocaine. The informant was outside the truck during this conversation. Ayala left the gas station with the informant and returned later in the afternoon with the informant. They were followed by the co-defendant.
When they arrived at the gas station Ayala got into the car with his co-defendant and *1052 followed the informant and the detective to a trailer to complete the transaction for the kilogram of cocaine. Villaronga testified that the informant did not participate in the initial negotiations with respect to the kilogram of cocaine. The informant did participate in the discussions concerning the delivery of the remaining eight kilograms. According to Villaronga the informant's participation in these discussions was limited to how the informant would contact Villaronga so they could decide where the meeting would take place.
As per his initial inclination, the trial judge granted Ayala's motion and ordered the state to produce the informant without first conducting an in-camera hearing. We reverse.
In State v. Zamora, 534 So.2d 864 (Fla. 3d DCA 1988), this Court conducted an in-depth analysis of the law concerning the state's limited privilege of non-disclosure of an informant's identity. Zamora discussed the United States Supreme Court's decision in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and the two alternative components which constitute the exception to the state's limited privilege in this area:
First, disclosure of the confidential informant is required where the informant's identity or the content of his communication is "relevant and helpful to the defense of an accused." ... This component necessarily centers around a specific defense asserted by the defendant in the case, as to which the informant's testimony is material and helpful. Second, disclosure of the confidential informant is also required where the informant's identity or the content of his communication is "essential to a fair determination of a cause."
Id. at 868 (citations omitted). We find that Ayala has satisfied the first component by filing a motion and affidavit setting forth a potential defense of entrapment.[1] That done, the trial judge was obligated to conduct an in-camera hearing during which he would question the informant under oath and determine whether anything the informant is capable of saying would be "relevant and helpful" to Ayala's defense. If the trial judge concludes that the informant's testimony would be relevant and helpful, then disclosure is appropriate. If not, then the state's privilege of non-disclosure must prevail.
We quash the order compelling disclosure of the confidential informant and grant the State's petition for writ of certiorari. We remand to the trial court with instructions to conduct an in-camera hearing as described herein.
NOTES
[1] We find that the second component is not relevant in this case.