729 So.2d 417 (1999)
Russell MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1511.
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
Rehearing Denied April 12, 1999.
*418 Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant was charged with and convicted of the sale of cocaine. We reverse and remand for a new trial finding that the trial court erred in denying appellant's motion to disclose a confidential informant for purposes of an in camera hearing.
Appellant was charged with the sale of cocaine occurring on August 30, 1997. However, he was not arrested until October 30, 1997, two months after the transaction. Appellant filed a sworn motion to disclose/produce confidential informant, in which he claimed that the probable cause affidavit alleged that a confidential informant ("CI"), while behind the wheel of a car, purchased one cocaine rock from appellant. Appellant denied either involvement in the transaction or being present at the time of the offense. He claimed that he was misidentified as the suspect in light of the two-month delay between the alleged transaction and his arrest, the lack of any "buy" money recovered, and the frequency of narcotic transactions at the location of the transaction. Appellant maintained that the CI had material and relevant information useful to his defense.
A hearing on the motion was held before the trial court on March 31, 1998, the day before appellant's trial. Prior to taking testimony, the trial court noted that the probable cause affidavit stated that Officer Hermason was concealed in the car with the CI and *419 recognized the seller of the cocaine from previous contacts. The officer observed the entire transaction and identified appellant. After the transaction was completed Officer Hermason contacted Officer Long who then drove to the area and identified appellant. In reviewing the law on the disclosure of a CI, the court noted that the burden is first on the defendant to allege a viable defense in order for the CI to be disclosed. Once that burden has been met, it is up to the state to either disclose the CI or for the court to hold an in camera hearing to determine whether disclosure is necessary.
Officer Hermason of the Lake Worth Police Department testified that his last contact with the CI was a month ago and he did not know the CI's whereabouts. The officer stated that he last used the CI in September 1997. The officer stated that he had attempted to call the phone number he had for the CI but it had been disconnected and that he went by the last known address for the CI and received no answer at the door. The officer clarified that he was not sure that the CI still lived at that address, although the home did look lived in. Officer Hermason stated that he had been in the narcotics division for six years and was the only one to use this particular CI.
Further, the officer testified that he had known appellant for six years, had extensive contact with appellant in the Lake Worth area and had arrested him many times. In fact, the officer stated that he came in contact with appellant a couple of times a day, everyday.
Officer Hermason stated that on August 30, 1997, he was riding with a CI while concealed in a car in order to make a narcotics purchase. The officer was concealed in the trunk with one of the backseats down so that he had a clear view of the driver's window and the driver. The CI was issued currency and told to keep it visible to the officer at all times. The CI then drove the car in a particular area in Lake Worth until she was flagged down or whistled to stop so that she could make a buy of narcotics. She was flagged down by appellant and saw him approach the car. The officer observed the drug purchase of cocaine. As the CI drove away, Officer Hermason radioed Officer Long to drive by and verify the identification of appellant as the seller of the cocaine based on his description.
Defense counsel requested that the trial court either dismiss the case or grant a continuance in order to keep looking for the CI. In denying appellant's motion to disclose or grant a continuance, the trial court noted that while it had been willing to go forward with an in camera hearing to determine the usefulness of the CI, such a hearing was unnecessary since the CI could not be located. Further, the court questioned whether appellant had even satisfied his burden to produce based on his defense of misidentification, since Officer Hermason was also an eyewitness to the alleged offense.
The state enjoys a limited privilege to withhold the identity of its confidential informant. See State v. Hassberger, 350 So.2d 1, 2 (Fla.1977); State v. Zamora, 534 So.2d 864, 867 (Fla. 3d DCA 1988). Under the United States Supreme Court's decision in Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), a narrow exception exists as to the state's limited privilege. Disclosure of a confidential informant is required if an informant's identity or content of his communication is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause. The first component necessarily centers around a specific defense asserted by the defendant in the case, as to which the informant's testimony is material and helpful. See State v. Zamora, 534 So.2d at 868. The second component concentrates on general due process considerations and is not confined to a defense raised by the defendant. See id. Disclosure is the balancing of the public's interest in protecting the flow of information against the individual's right to prepare his defense. See Roviaro, 353 U.S. at 60-61, 77 S.Ct. 623. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. See id. The burden is on the defendant seeking disclosure *420 of information on the confidential informant to establish that either exception to nondisclosure should be invoked. See Zamora, 534 So.2d at 868.
Under the first component the Roviaro exception, applicable in the instant case, Florida courts have ordered the disclosure of a confidential informant only in cases where the defendant asserted a legally recognized defense to the crime charged, supported that defense with sworn proof, and showed that the confidential informant was a material witness to this defense. See Zamora, 534 So.2d at 868. Out of an abundance of caution, the Florida courts have further held that where the defendant comes close to, but technically falls short of, establishing this first component of the Roviaro exception, the trial court is nonetheless required to order the state to produce the confidential informant for the court's in camera review to determine if the subject informant is a helpful witness to the defense being raised by the defendant. See id.
It has been held that disclosure of a confidential informant is absolutely required where the defendant is charged with selling or delivering illegal drugs to the subject informant. See id. at 869 (citing Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).
The fact that the confidential informant was present during the drug transaction does not automatically compel his disclosure, see State v. Carnegie, 472 So.2d 1329, 1330 (Fla. 2d DCA 1985), nor does the failure of the state to disclose the identity of a confidential informant upon court order automatically entitle a defendant to dismissal of the charges. See State v. Banks, 656 So.2d 590 (Fla. 2d DCA 1995). There must be a determination as to the necessity for disclosure, government misconduct, and prejudice to the accused. See id.
Under the facts of this case, appellant met his initial burden of showing that disclosure was necessary to a specific defense. In his motion for disclosure, appellant alleged the defense of misidentification by claiming that he was not present during the alleged drug transaction. See State v. Roberts, 686 So.2d 722 (Fla. 2d DCA 1997)(once the defendant carries the initial burden of showing that disclosure is necessary to his defense of misidentification, the trial court should hold an in camera hearing to determine whether the disclosure would be relevant and helpful to the defense.).
While the trial court initially expressed its willingness to conduct an in camera hearing, once the CI was not located at the start of trial, it erroneously denied appellant's motion to disclose on the grounds that it was speculation as to whether the CI would be relevant to the case in light of the police officer's eyewitness testimony. Such error mandates this court to reverse and remand for a new trial.
In that we are reversing and remanding for a new trial, we decline to address the other issue raised by appellant.
REVERSED AND REMANDED.
GUNTHER and TAYLOR, JJ., concur.