*84
 
 SILBERMAN, Judge.
 

 Sam Jerome Wilson appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. Because Wilson’s motion was facially insufficient and because he may be able to correct the deficiency, we reverse the order denying his motion and remand for entry of an order striking the motion, thereby affording him an opportunity to amend it if he is able to do so.
 

 Wilson entered a no contest plea to charges of sale and possession of cocaine. In his sworn motion for postconviction relief, he alleged that his trial counsel was ineffective for failing to file a motion to compel disclosure of the identity of the confidential informant (Cl). Wilson claimed that he did not sell cocaine to anyone, that he was not present during the drug transaction, and that the Cl would have assisted in establishing a misidentifi-cation defense. He stated that he entered his no contest plea after counsel told him that there were no legal grounds to file the motion and that if he lost at trial rather than accepting the State’s plea offer of 34.5 months in prison, he would be sentenced to 30 years’ imprisonment.
 

 The postconviction court concluded that Wilson’s claim was too speculative because Wilson did not purport to know the identity of the Cl or the substance of the Cl’s testimony. The court observed that Wilson was speculating that the Cl possessed favorable testimony that would have prompted Wilson to proceed to trial with a misidentification defense rather than entering his plea.
 

 Florida Rule of Criminal Procedure 3.220(g)(2) provides that “[d]islosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant’s identity will infringe the constitutional rights of the defendant.” In
 
 Miller v. State,
 
 729 So.2d 417, 419 (Fla. 4th DCA 1999) (citations omitted), the Fourth District stated as follows:
 

 Disclosure of a confidential informant is required if an informant’s identity or content of his communication is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause. The first component necessarily centers around a specific defense asserted by the defendant in the case, as to which the informant’s testimony is material and helpful. The second component concentrates on general due process considerations and is not confined to a defense raised by the defendant.
 

 If the defendant meets his “initial burden of showing that disclosure is necessary to a specific defense, the trial court should hold an in camera hearing to determine, in fact, whether the disclosure would be relevant and helpful to the defense.”
 
 State v. Roberts,
 
 686 So.2d 722, 723 (Fla. 2d DCA 1997). Sworn allegations supporting a misidentification defense for which the Cl’s testimony would be helpful are sufficient to make the initial showing requiring production of the Cl for an in camera hearing.
 
 Miller,
 
 729 So.2d at 420;
 
 Roberts,
 
 686 So.2d at 722-23;
 
 see also McCray v. State,
 
 730 So.2d 817, 817 (Fla. 2d DCA 1999) (involving a sworn motion that alleged the Cl knew the defendant, the Cl was present when the crime occurred, the undercover officer misidentified the defendant as the perpetrator of the crime, the Cl’s testimony was essential to a misiden-tification defense, and the defendant was not involved in the crime).
 

 In his sworn motion for postconviction relief, Wilson alleged a colorable misidenti-fication defense, stating that he did not sell cocaine to anyone and that he was not
 
 *85
 
 present during the underlying transaction.
 
 See Miller,
 
 729 So.2d at 418-20. Further, he alleged that the Cl’s testimony would be helpful to establish that he was not present during the drug transaction. However, Wilson did not allege, and our record does not reveal, whether the Cl was present at the time of the drug transaction, what role the Cl played in the transaction, or how the Cl’s testimony would help establish that Wilson was not involved in or present at the transaction.
 

 Our limited record does not establish that Wilson would be unable to allege a facially sufficient claim for postconvietion relief. Wilson may be able to allege the Cl’s involvement in the drug transaction and how that involvement would assist Wilson in establishing a misidentification defense. If Wilson makes such allegations, the postconvietion court could then determine whether trial counsel’s failure to move for disclosure of the Cl’s identity was deficient performance and whether Wilson was prejudiced by any such deficient performance.
 

 Because the motion was facially insufficient and because Wilson may be able to amend the motion to state a facially sufficient claim, the postconvietion court should have stricken the motion, thereby allowing Wilson an opportunity to amend it.
 
 See Spera v. State, 971
 
 So.2d 754, 761 (Fla.2007). We note that the two-year time period in which Wilson may file a proper motion for postconvietion relief has not yet expired.
 
 See
 
 Fla. R.Crim. P. 3.850(b). Thus, if Wilson timely files an amended motion correcting the deficiencies, it shall not be treated as successive under rule 3.850(f) unless the postconviction court finds that Wilson’s conduct constitutes an abuse of procedure as described in that rule.
 
 [1]
 
 Accordingly, we reverse the order denying Wilson’s motion and remand for entry of an order striking the motion.
 

 Reversed and remanded.
 

 FULMER and WHATLEY, JJ., Concur.
 

 [1]
 

 . Wilson states in his motion that he previously filed a rule 3.850 motion but that “it was returned” and “was facially insufficient.” Wilson does not refer to any order that was entered as to that motion, and the postconviction court made no reference to any prior filing by Wilson. Our record does not reflect what was contained in that earlier motion, and it is unclear whether that motion was actually accepted for filing or was returned without being filed. Further, it is unclear whether Wilson has actually been afforded an opportunity to correct the deficiencies discussed in this opinion.