PER CURIAM.
 

 The state seeks certiorari relief from a non-final order granting the motion by Daniel Peter LaBron (Defendant), the defendant in a pending criminal prosecution below, for disclosure of evidence concerning a confidential informant (Cl). We grant the petition.
 

 Defendant was charged with delivery of cocaine to an undercover officer. He moved for disclosure of evidence concerning each Cl used in the case. According to his affidavit, he was induced to commit the offense by a friend of a friend, who contacted him repeatedly. In his motion, he indicated that his defense in this case would be entrapment, and that in order to properly prepare his defense, he would need to depose the Cl, with whom he had multiple telephone conversations. The motion acknowledged that the Cl did not appear on the state’s witness list.
 

 Based on Defendant’s allegations that the Cl would be central to his entrapment defense, the trial court concluded that deposing the Cl implicated Defendant’s due process rights and ordered disclosure of the Cl’s identity. The state’s objection included the argument that the next step before full disclosure was an in camera hearing, in which the judge would determine whether the Cl’s testimony would assist the defense of entrapment.
 

 This kind of non-final order is renewable by certiorari, as it presents the possibility of irreparable harm.
 
 E.g., State v. Ayala,
 
 713 So.2d 1050 (Fla. 3d DCA 1998);
 
 State v. Roberts,
 
 686 So.2d 722, 723 (Fla. 2d DCA 1997).
 

 The state has a limited privilege to withhold the Cl’s identity.
 
 Miller v. State,
 
 729 So.2d 417, 419 (Fla. 4th DCA 1999);
 
 State v. Zamora,
 
 534 So.2d 864, 867 (Fla. 3d DCA 1988) (quoting from
 
 Roviaro v. United States,
 
 353 U.S. 53, 59, 60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)). The purpose of the privilege is to encourage citizens to perform their obligation of communicating their knowledge of the commis
 
 *717
 
 sion of crimes to law enforcement.
 
 Roviaro,
 
 353 U.S. at 59, 77 S.Ct. 623.
 

 If the Cl’s identity is to be disclosed, it is the defendant who has the burden of showing why an exception to the rule of nondisclosure applies.
 
 E.g., Miller,
 
 729 So.2d at 419 (citing
 
 Zamora,
 
 534 So.2d at 868).
 

 Florida Rule of Criminal Procedure 3.220(g)(2) provides that disclosure may be required in one of two circumstances: “Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant’s identity will infringe the constitutional rights of the defendant.” Citing
 
 Roviaro,
 
 353 U.S. at 60-61, 77 S.Ct. 623, this court explained as follows:
 

 Disclosure of a confidential informant is required if an informant’s identity or content of his communication is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause. The first component necessarily centers around a specific defense asserted by the defendant in the case, as to which the informant’s testimony is material and helpful.
 
 See State v. Zaviora,
 
 534 So.2d at 868. The second component concentrates on general due process considerations and is not confined to a defense raised by the defendant.
 

 Miller,
 
 729 So.2d at 419. When a defendant succeeds in meeting the “initial burden of showing that disclosure is necessary to a specific defense, the trial court should hold an in camera hearing to determine, in fact, whether the disclosure would be relevant and helpful to the defense.”
 
 Roberts,
 
 686 So.2d at 723.
 

 In this case, Defendant sought to obtain disclosure to assist him with his defense of entrapment; the trial court concluded in so doing he had satisfied the second prong, focusing on general due process considerations.
 

 However, a Cl’s being central to a defendant’s entrapment defense is not an exception that implicates general due process concerns; it falls under the first prong.
 

 An informer’s identity must be disclosed under the second, due process prong under circumstances such as the following: (1) if the defendant is charged with delivering or selling drugs to the informant,
 
 see Miller,
 
 729 So.2d at 420 (citing
 
 Zamora,
 
 534 So.2d at 869 (citing Roviaro)); (2) if the informant is called as a witness at trial,
 
 e.g., State v. Hassberger,
 
 350 So.2d 1, 2 (Fla.1977) (“Where the state produces the informer at trial, and attempts to prevent the witness from giving certain testimony on cross-examination, the sixth amendment right of an accused to confront the witnesses against him, made obligatory on the states by the fourteenth amendment, places severe restrictions on the privilege of nondisclosure.”) (footnote and citations omitted); (3) if the informant’s affidavit supports the issuance of a search warrant,
 
 Baker v. State,
 
 150 So.2d 729 (Fla. 3d DCA 1963) (reversing conviction, and holding that trial court’s failure to require state to disclose information concerning individual who signed affidavit for search warrant vitiated evidence obtained under it); or (4) if the informant is a defense witness at trial and the defendant seeks to cross-examine an officer about the relationship between the officer and the informant,
 
 Smith v. State,
 
 318 So.2d 506 (Fla. 2d DCA 1975) (defense was that defendant was not involved in the narcotics activities, but merely was persuaded to go along with his friend, who in fact was the informant).
 

 These circumstances are listed in
 
 Zamora,
 
 where the court concluded:
 

 
 *718
 
 In each of these cases, the courts have implicitly concluded that the disclosure of the informant was an essential part of the defendant’s due process right to be informed of the charges against him or to cross examine the witnesses against him.
 

 534 So.2d at 869-70 (footnote omitted).
 

 On the other hand, this second, due process prong is not met, automatically entitling the defense to the Cl’s identity, upon the mere allegation that the Cl’s identity is central to the defense.
 
 See Ayala,
 
 713 So.2d at 1052 (finding second prong was not relevant, but, where defendant satisfied the first prong by filing a motion and affidavit which set forth a potential defense of entrapment, the trial judge was obligated to conduct in camera hearing to question the informant under oath to determine whether anything the informant might say would be relevant and helpful to that defense);
 
 Wilson v. State,
 
 13 So.3d 83, 84 (Fla. 2d DCA 2009).
 

 The trial court’s conclusion that disclosure of the Cl was required by due process concerns raised by Defendant’s motion and affidavit constituted a departure from the essential requirements of law. Accordingly, the order on review is quashed, and the case is remanded for further proceedings consistent with this opinion.
 

 Petition Granted.
 

 WARNER, POLEN and DAMOORGIAN, JJ., concur.