PER CURIAM.
 

 The State seeks certiorari relief from two non-final orders granting, respectively, the motions filed by two co-defendants, Leonicio Rivas and Juan Rodriguez-Abrea (collectively, Defendants), two of the four co-defendants
 
 [1]
 
 in a pending criminal prosecution below, for disclosure of identity of confidential source (Cl). We grant the petition.
 

 Defendants were charged with trafficking in cocaine and conspiracy to traffic in cocaine. Each filed a sworn motion for disclosure of identity of confidential source, alleging:
 

 Defendant has reason to believe that the alleged informer has participated in the activities with which the Defendant is charged, the alleged informer was provided with compensation and/or incentives in this matter to be an informant, and the alleged informer has unlawfully coerced the Defendant into participating in the purchase of cocaine, and the disclosure is required to properly prepare a defense to the merits of the charges pending against the Defendant.
 

 
 *649
 
 (emphasis added). Each further stated that the Cl originally was contacted by telephone by one of the other co-defendants, and the Cl advised the police that that individual was interested in purchasing multiple kilograms of cocaine. Only the Cl could testify about these conversations, which were not recorded or monitored, so the Cl’s identity was necessary to establish a defense of entrapment and/or abandonment. Defendants each further alleged that the Cl’s identity should be compelled because he was allowed to speak directly with him, without being monitored by the police. They maintained the Cl was a material witness because of the failure to monitor the original conversation, failure to train regarding entrapment, and the Cl’s own criminal history. They alleged that the Cl was allowed to create a trafficking offense and offender where none previously existed; each of them was coerced and unduly influenced by the Cl to purchase the cocaine.
 

 In its response below, the State argued the motions should be denied because they did not contain factual assertions, quoting the language that each Defendant “has reason to believe” that the Cl participated, received incentives, and unlawfully coerced him into participating in the purchase. Instead, the State argued, in order to obtain disclosure of the Cl’s identity, a defendant has to allege, under oath, facts that would constitute a recognized defense. The State explained that both Defendants were introduced to the Cl by co-defendant Rodrí-guez-Martínez at a meeting that was monitored and recorded, and the only times either Defendant spoke to the Cl occurred during controlled and recorded phone calls. There is no vicarious or third-party entrapment in Florida; any coercion was done through Rodríguez-Martínez, and Defendants were prohibited from arguing they were coerced through a third party in order to force the Cl’s disclosure. Because Defendants did not set forth grounds sufficient to justify compelled disclosure of the Cl’s identity, and disclosure is the exception to the rule, the State asked the trial court to deny each motion.
 

 At the hearing on Defendants’ motions, the State pointed out that the pleadings were defective because of the language about each Defendant’s having reason to believe, which was not the same as saying it was true. Second, the State had evidence that Defendants and Gomez were the end users and the other co-defendant, Rodríguez-Martínez, was the middleman; defendants who are brought into a transaction by a middleman cannot claim entrapment. “When a middleman, not a state agent, induces another person to engage in a crime, entrapment is not an available defense.”
 
 State v. Hunter,
 
 586 So.2d 319, 322 (Fla.1991). Nor can defendants raise “ ‘due process violations allegedly suffered by third parties.’ ”
 
 Id.
 
 (quoting
 
 United States v. Valdovinos-Valdovinos,
 
 743 F.2d 1436, 1437 (9th Cir.1984)). Additionally, it was the undercover officer who delivered the cocaine; the Cl merely was present.
 

 A state witness testified that co-defendant Rodríguez-Martínez introduced the Cl to Defendants, and the only interaction between the Cl and either of them was at recorded meetings; none took place outside the presence of Rodríguez-Martínez. Even if the Cl completely entrapped Rod-ríguez-Martínez, Defendants would have no standing to complain about it, as there is no third-party entrapment; such allegations thus could not provide a reason for disclosing the Cl’s identity.
 

 The trial judge felt that a theory of an entrapment still might be “flushed out”; furthermore, even if Defendants could not obtain disclosure of the Cl to support a defense, there still was the due process consideration, as the Cl was integrally involved in the transactions. However, the
 
 *650
 
 judge was concerned that his declining to order disclosure would affect Defendants’ constitutional rights to confront the witnesses against them and to properly prepare a defense.
 

 The State explained that an in camera hearing would be necessary to determine whether the Cl could further a defense. But, the trial judge concluded that, because Defendants had alleged the defenses of entrapment and abandonment, even if entrapment was not available to them, if he did not allow them to speak to the Cl, they would be denied their constitutional rights. Because the judge concluded that Defendants prevailed under the second “due process” prong of
 
 Zamora,
 

 [2]
 

 no in camera hearing was necessary.
 

 The trial court granted each Defendant’s motion to disclose the Cl, without an in camera hearing, and the State seeks certiorari relief.
 

 This kind of non-final order is reviewable by certiorari, as it presents the possibility of irreparable harm.
 
 E.g., State v. Ayala,
 
 713 So.2d 1050, 1051 (Fla. 3d DCA 1998);
 
 State v. Roberts,
 
 686 So.2d 722, 723 (Fla. 2d DCA 1997).
 

 The State has a limited privilege to withhold the Cl’s identity.
 
 Miller v. State,
 
 729 So.2d 417, 419 (Fla. 4th DCA 1999);
 
 State v. Zamora,
 
 534 So.2d 864, 867 (Fla. 3d DCA 1988) (quoting from
 
 Roviaro v. United States,
 
 353 U.S. 53, 59, 60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)). The purpose of the privilege is to encourage citizens to perform their obligation of communicating their knowledge of the commission of crimes to law enforcement.
 
 Roviaro,
 
 353 U.S. at 59, 77 S.Ct. 623.
 

 If the Cl’s identity is to be disclosed, it is the defendant who has the burden of showing why an exception to the rule of nondisclosure applies.
 
 E.g., Miller,
 
 729 So.2d at 419 (citing
 
 Zamora,
 
 534 So.2d at 868).
 

 Florida Rule of Criminal Procedure 3.220(g)(2) provides that disclosure may be required in one of two circumstances: “Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant’s identity will infringe the constitutional rights of the defendant.” Citing
 
 Roviaro,
 
 353 U.S. at 60-61, 77 S.Ct. 623 this court explained as follows:
 

 Disclosure of a confidential informant is required if an informant’s identity or content of his communication is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause. The first component necessarily centers around a specific defense asserted by the defendant in the case, as to which the informant’s testimony is material and helpful.
 
 See State v. Zamora,
 
 534 So.2d at 868. The second component concentrates on general due process considerations and is not confined to a defense raised by the defendant.
 

 Miller,
 
 729 So.2d at 419. When a defendant succeeds in meeting the “initial burden of showing that disclosure is necessary to a specific defense, the trial court should hold an in camera hearing to determine, in fact, whether the disclosure would be relevant and helpful to the defense.”
 
 Roberts,
 
 686 So.2d at 723.
 

 In this case, Defendants sought to obtain disclosure by reference to the defenses of entrapment or abandonment, but the trial court did not conclude that they succeeded; instead, it concluded they satisfied the second exception, focusing on general due process considerations. However, this second, due process prong is not met when the informant merely was present during
 
 *651
 
 the illegal drug transaction with which the defendant was charged or merely acted as a tipster, furnishing a lead to law enforcement.
 
 Zamora,
 
 534 So.2d at 870. Nor is it met when the defendant merely speculates that the informant would testify favorably.
 
 State v. Mashke,
 
 577 So.2d 610, 612 (Fla. 2d DCA 1991).
 

 A Cl’s identity must be disclosed under the second, due process prong under circumstances such as the following: (1) if the defendant is charged with delivering or selling drugs to the informant,
 
 see Miller,
 
 729 So.2d at 420 (citing
 
 Zamora,
 
 534 So.2d at 869 (citing Roviaro)); (2) if the informant is called as a witness at trial,
 
 e.g., State v. Hassberger,
 
 350 So.2d 1, 2 (Fla.1977) (“Where the state produces the informer at trial, and attempts to prevent the witness from giving certain testimony on cross-examination, the sixth amendment right of an accused to confront the witnesses against him, made obligatory on the states by the fourteenth amendment, places severe restrictions on the privilege of nondisclosure.” (footnote omitted)); (3) if the informant’s affidavit supports the issuance of a search warrant,
 
 Baker v. State,
 
 150 So.2d 729, 730 (Fla. 3d DCA 1963) (reversing conviction, and holding that trial court’s failure to require state to disclose information concerning individual who signed affidavit for search warrant vitiated evidence obtained under it); or (4) the informant is a defense witness at trial and the defendant seeks to cross-examine an officer about the relationship between the officer and the informant,
 
 e.g., Smith v. State,
 
 318 So.2d 506, 507 (Fla. 2d DCA 1975) (defense was that defendant was not involved in the narcotics activities, but merely was persuaded to go along with his friend, who in fact was the informant).
 

 These circumstances are listed in
 
 Zamora,
 
 where the court concluded:
 

 In each of these cases, the courts have implicitly concluded that the disclosure of the informant was an essential part of the defendant’s due process right to be informed of the charges against him or to cross examine the witnesses against him.
 

 534 So.2d at 869-70.
 

 On the other hand, this second, due process prong is not met, automatically entitling the defense to the Cl’s identity, upon the mere allegation that the defendants need disclosure of the Cl’s identity to prepare a defense.
 
 See State v. Ayala,
 
 713 So.2d 1050, 1052 (Fla. 3d DCA 1998) (finding second prong was not relevant, but, where defendant satisfied the first prong by filing a motion and affidavit which set forth a potential defense of entrapment, the trial judge was obligated to conduct an in camera hearing to question the informant under oath to determine whether anything the informant might say would be relevant and helpful to that defense);
 
 Wilson v. State,
 
 13 So.3d 83, 84 (Fla. 2d DCA 2009).
 

 In this case, the trial court’s conclusion that disclosure of the Cl was required by due process concerns constituted a departure from the essential requirements of law. Accordingly, the order on review is quashed. If the trial court, on remand, concludes that Defendants actually did meet their burden of showing that disclosure of the Cl’s identity is necessary to a specific and available defense, then it should conduct an in camera hearing to determine if the Cl has anything relevant and helpful to say before ordering disclosure of the Cl’s identity.
 

 Petition Gmnted.
 

 STEVENSON, HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . The other two co-defendants, Carlos Rodriguez-Martinez and Melvin Gomez, were not named as respondents and did not participate in the instant proceeding.
 

 [2]
 

 . State v. Zamora,
 
 534 So.2d 864 (Fla. 3d DCA 1988).