PER CURIAM.
The State seeks certiorari relief following the trial court’s June 23, 2011 order granting defendant Subi Titus’s motion to disclose the identity of a confidential informant. Titus did not file an affidavit until July 27, 2011 — one month after the order issued. The trial court never considered sworn allegations. We, therefore, find that the trial court departed from the es *764 sential requirements of the law when it granted disclosure without having sworn allegations of a legally cognizable defense before it. State v. Carter, 29 So.3d 1217, 1219 (Fla. 2d DCA 2010). We make no determination of Titus’s entrapment defense, on the merits, as doing so would be premature.
We quash the trial court’s order mandating disclosure of the confidential informant’s identity. The court may make new findings based upon sworn allegations in which to determine whether the defendant has met his “burden of showing that disclosure of the Cl’s identity is necessary to a specific and available defense .... ” State v. Rivas, 25 So.3d 647, 651 (Fla. 4th DCA 2010). If so, the court should then, “conduct an in camera hearing to determine if the Cl has anything relevant and helpful to say before ordering disclosure of the Cl’s identity.” Id.

Petition granted.

MAY, C.J., POLEN and CONNER, JJ., concur.