PER CURIAM.
The State seeks certiorari relief with respect to the trial court’s order granting respondent’s motion to disclose the identity of a confidential informant. We grant the petition. We agree that the trial court departed from the essential requirements of law when it declined to conduct an in camera hearing before it ordered the disclosure. State v. Titus, 70 So.3d 763 (Fla. 4th DCA 2011); State v. Rivas, 25 So.3d 647, 650 (Fla. 4th DCA 2010); Thomas v. State, 28 So.3d 240 (Fla. 4th DCA 2010); Miller v. State, 729 So.2d 417, 419-20 (Fla. 4th DCA 1999); State v. Ayala, 713 So.2d 1050, 1052 (Fla. 3d DCA 1998); State v. Roberts, 686 So.2d 722, 723 (Fla. 2d DCA 1997).
As this court and others have explained: Disclosure of a confidential informant is required if an informant’s identity or content of his communication is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause. The first component necessarily centers around a specific defense asserted by the defendant in the case, as to which the informant’s testimony is material and helpful. See State v. Zamora, 534 So.2d [864,] 868 [ (Fla. 3d DCA 1988)]. The second component concentrates on general due process considerations and is not confined to a defense raised by the defendant.
State v. LaBron, 24 So.3d 715, 717 (Fla. 4th DCA 2009) (quoting Miller, 729 So.2d at 419); see also Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). When a defendant succeeds in meeting the “initial burden of showing that disclosure is necessary to a specific defense, the trial court should hold an in camera hearing to determine, in fact, whether the disclosure would be relevant and helpful to the defense.” LaBron, 24 So.3d at 717 (quoting Roberts, 686 So.2d at 723); see also Zamora, 534 So.2d at 869 (explaining that in camera review has been confined exclusively to the first alternative component of the Roviaro exception).
Here, the trial court determined that respondent met his burden with respect to the first component, setting forth a potential entrapment defense, and that the second component did not apply. The State’s sole argument in this petition is that the in camera hearing is required. As outlined, the trial court was obligated to conduct the hearing. Rivas, 25 So.3d at 651; Titus, 70 So.3d at 764; State v. Burgos, 985 So.2d 642 (Fla. 2d DCA 2008). Accordingly, the order on review is quashed, and the case is remanded for further proceedings consistent with this opinion.

Petition granted.

TAYLOR, CONNER and FORST, JJ., concur.