PER CURIAM.
The state filed a petition for writ of certiorari challenging an order which compelled it to produce certain information concerning a confidential informant. We conclude that the trial court erred by failing to weigh the interests of the state and the safety of the individual against the defendant’s right to develop his defense. We, therefore, grant the petition for writ of certiorari and remand for the trial court to reconsider the defendant’s motion to compel the requested information.
Respondent was charged by information with retaliating against Sidney W. Lamb, an informant who had previously provided testimony at an official proceeding. Respondent filed a specific demand for discovery of information pertaining to Mr. Lamb, requesting information not only re *138 lated to Lamb’s involvement in the retaliation case, but also relating to Lamb’s work as an informant in other cases;. Lamb’s background; Lamb’s code names as an informant; Lamb’s drug use; the results of any polygraph tests taken by Lamb; Lamb’s criminal history; any chemical dependencies, mental infirmities, or physical disabilities Lamb might have; any presen-tence investigation reports ever prepared on Lamb; and any conflicting statements ever made by Lamb. When the state failed to produce the requested material, respondent filed a motion to compel discovery of the requested information on grounds that it constituted Brady material.[1]
At a hearing on the motion to compel, defense counsel asserted that he had already taken the deposition of the alleged victim/informant and that there was no question as to the identity of that individual. Defense counsel argued that the material requested in the specific demand for discovery constituted Brady material, but he did not elaborate as to why the information constituted Brady material.
The prosecutor argued that while the state was willing to provide any material related to this particular case, the state-felt the request was overly broad and constituted a fishing expedition. Defense counsel responded that the information requested on the victim/informant was relevant to this case because it related to the victim/informant’s credibility as a witness.
The trial court indicated that it would grant the motion to compel with the understanding that the state would only have to provide information on the victim/informant’s work for law enforcement for the last five years and only as to closed cases. The trial court noted that any information pertaining to ongoing investigations would be exempt from disclosure. The prosecutor asserted that the trial court’s order would “put people’s lives in jeopardy.” When the' trial court reminded the prosecutor that he had been the one who had mentioned the victim/informant’s name on the record, the prosecutor responded as follows:
Well, I have his name in the information. That’s fine. He is going to be a witness and he will testify if we go to trial. But, other confidential informants, other buys, other issues, I can’t do that.
The trial court gave the state five days to comply with the order.
The law as to when the state must reveal the identity of a confidential informant is reasonably well settled. See, e.g., State v. Ayala, 713 So.2d 1050, 1052 (Fla. 3d DCA 1998). The law is less settled, however, as to what information may still be privileged when an informant’s identity has already been revealed. In the instant case, the trial court appears to have been of the mistaken impression that once the informant’s identity was revealed, the state could no longer assert that release of further information about the informant would compromise the safety of the informant or others.
In Taylor v. State, 612 So.2d 626 (Fla. 1st DCA 1993), approved, 634 So.2d 1075 (Fla.1994), this court upheld a trial court’s ruling that denied the defendant access to all sheriffs office records related to drug transactions made by a known confidential informant where the information had been sought only for possible impeachment purposes. See id. at 630. The proper test to be applied by the trial court in such circumstances is whether the safety of the informant will be compromised by disclosure. See Garcia v. Florida, 379 So.2d 441, 443 (Fla. 3d DCA 1980). If so, then the court must weigh the interests of the state against the defendant’s right to develop his defense. See id. It is unclear whether the trial court in the instant case attempted to apply this balancing test in ruling on the motion to compel. *139 We, therefore, quash the trial court’s discovery order and remand for further proceedings in accordance with this opinion.
WOLF, KAHN and LAWRENCE, JJ., concur.

. See Brady v. Maryland, 373 U.S. 83, 86, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963) (holding that suppression by prosecutor of evidence favorable to an accused violates due process where evidence is material to either guilt or punishment).