PER CURIAM.
Johnny L. Welch appeals the summary denial of his Amended Post-conviction Motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Welch raises *722 twelve issues on appeal. We affirm in part, reverse in part, and remand for further proceedings.
We reverse and remand the circuit court’s summary denial of claim “C” in Welch’s amended post-conviction motion, arguing that trial counsel was ineffective for failing to file a motion to obtain the name of and any other information regarding the confidential informant that testified for the state at trial. See State v. LaBron, 24 So.3d 715 (Fla. 4th DCA 2009) (providing that the state has a limited privilege to withhold the identity of a confidential informant and providing instances where disclosure is required). In summarily denying this claim, the circuit court reasoned that the state did disclose the existence of a confidential informant,[1] that Welch testified at trial that he knew the confidential informant, and that the transaction was captured on video. While all of the above may be true, it does not refute Welch’s assertions that he did not know the identity of the confidential informant before he saw her in the courtroom on the day of the trial and that the identity of the confidential informant is not revealed on the video.
Accordingly, with respect to claim “C,” we remand for the circuit court to attach portions of the record that conclusively refute the allegations or to conduct an evidentiary hearing. We affirm the remaining issues raised by Welch without discussion.
AFFIRMED in part, REVERSED in part, and REMANDED.
BENTON, C.J., LEWIS and ROWE, JJ., concur.

. The State's Supplemental Exhibit disclosed that the state intended to call “Cl# 426” as a witness.