774 So.2d 796 (2000)
Nelson GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1303.
District Court of Appeal of Florida, Third District.
December 20, 2000.
*797 Bierman, Shohat, Loewy & Klein, and Ira N. Loewy, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Steven R. Berger, Assistant Attorney General, for appellee.
Before GERSTEN and RAMIREZ, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Nelson Gonzalez appeals his conviction for trafficking in cocaine. He maintains that the trial court erred in its pretrial ruling granting the State's Motion in Limine which sought to prohibit the defense from having testifying officers identify the confidential informant (herein, C.I.) who had arranged the purported transaction on which Gonzalez's arrest was based.[1] Gonzalez further argues that the prosecutor, after securing that evidentiary ruling, used the resulting lack of identification to bolster the State's case and put Gonzalez's defense in doubt. We agree and we reverse the order under review and order a new trial on that basis.
The State enjoys a limited privilege to withhold the identity of its confidential informants. See State v. Hassberger, 350 So.2d 1, 2 (Fla.1977); State v. Zamora, 534 So.2d 864, 867 (Fla. 3d DCA 1988). However, as outlined in Zamora which relied on the Supreme Court's opinion in Roviaro v. United States, 353 U.S. 53, 61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), this privilege is not without exception. As summarized in Miller v. State, 729 So.2d 417, 419 (Fla. 4th DCA 1999):
Disclosure of a confidential informant is required if an informant's identity or content of his communication is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause. The first component necessarily centers around a specific defense asserted by the defendant in the case, as to which the informant's testimony is material and helpful. See State v. Zamora, 534 So.2d at 868. The second component concentrates on general due process considerations and is not confined to a defense raised by the defendant. See id. Disclosure is the balancing of the public's interest in protecting the flow of information against the individual's right to prepare his defense. See Roviaro, 353 U.S. at 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. See id.

In the instant case, Gonzalez maintained that the box of drugs upon which his arrest was based was planted by his acquaintance, Peter Cabrera. Gonzalez asserted that he knew Cabrera was instrumental in arranging the events which led to his arrest and wanted to show that Cabrera had a motive for his actions in that he had *798 recently been arrested and was hoping to work out a deal with the State. Several other witnesses testified to facts which would support this defense. To further his theory, Gonzalez had wanted the testifying officers to admit that Cabrera was the C.I.
We need not decide whether the evidentiary ruling prohibiting that identification, standing alone, would mandate reversal because the prosecutor's use of that ruling, as evidence of the invalidity of Gonzalez's defense and the untruthfulness of a witness for Gonzalez mandates reversal. In closing, defense attempted to summarize the facts that pointed to Cabrera as the C.I. The prosecutor in summation then said, in part:
Ladies and gentlemen, it's very easy for defense counsel to say that Mr. Cabrera is a C.I. There is no evidence of that. The flip side of that [is that] it's just as easily argued that Mr. Ramillo was the confidential informant. He was arrested and charged. No charges were ever filed against him.
Defense counsel objected and sought a mistrial. Moreover, defense counsel pointed out to the court that the prosecutor had violated a pretrial ruling against commenting on the reason that charges against Alexander Ramillo had been dropped and implying that they were dropped because Ramillo was the C.I.
The prosecutor's use of the privilege of nondisclosure, first as a shield, then as a sword, unfairly prejudiced the defendant. While the State is free to argue to the jury any theory of a crime that is reasonably supported by evidence, it may not subvert the truth-seeking function of a trial by obtaining a conviction or sentence based on the obfuscation of relevant facts. See Garcia v. State, 622 So.2d 1325 (Fla. 1993). Moreover, we cannot conclude this error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986); see also Garcia v. State, 564 So.2d 124 (Fla.1990)(Statement made in closing argument that there were no payroll records to indicate that defendant was no longer employed at time co-worker overheard incriminating statement allegedly made by defendant, when combined with error in refusing to permit defendant to impeach co-worker's testimony with a payroll record indicating that he was not employed, constituted reversible error.)
Accordingly, the order under review is reversed and remanded for a new trial.
NOTES
[1] As the state argues, Gonzalez never filed a sworn motion or affidavit to reveal the identity of the C.I. Also, Gonzalez never sought help from the court when he was unable to serve a subpoena on Cabrera.