788 So.2d 310 (2001)
Mary BAYER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-755.
District Court of Appeal of Florida, Fifth District.
May 11, 2001.
Rehearing Denied July 3, 2001.
*311 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Bayer appeals from a judgment of conviction and fifteen-year sentence for aggravated manslaughter of an elderly person, pursuant to section 782.07(2), Florida Statutes. The victim in this case was Bayer's mother, Margaret Witham. Bayer argues that the trial judge created an erroneous jury instruction by providing a patchwork of definitions, and that it amounted to the jury being instructed on an offense for which she was not charged. We disagree and affirm.
We first observe that the evidence was more than sufficient to support Bayer's conviction. Margaret had resided with Bayer and Bayer's son since 1992, and Bayer was Margaret's sole caregiver. Margaret's health had been declining for two months when Bayer returned home from a lunch outing with her son and discovered that Margaret had passed away.
Margaret was 89 years old at the time of her death, and weighed just 63 pounds. She died from malnutrition, pneumonia, and sepsis from bacteria entering her blood from untreated bedsores. A feeding tube inserted into Margaret's stomach was infected, and maggots infested Margaret's body prior to death. She had not been bathed for over two weeks and dirt and feces encrusted her body. An adult "diaper rash" from prolonged contact with urine and feces had caused most of the skin in that area to rot away, and it too was infected as above. Margaret's back was covered by huge, open bedsores, and her spine was visible through them. She also had less severe bedsores on other parts of her body. The medical evidence was that they had been untreated for over a month, and could have been avoided by moving Margaret into different positions.
There is no standard jury instruction for the newly enacted offense of aggravated manslaughter of an elderly person section 782.07(2). Bayer requested a special jury instruction on causation, but it was properly denied.[1]See Hoffman v. *312 State, 708 So.2d 962 (Fla. 5th DCA 1998). However, we approve the jury instruction given by the trial judge, Judge Briese.
The statute with which Bayer was charged, section 782.07(2), provides:
A person who causes the death of any elderly person or disabled adult by culpable negligence under s. 825.102(3) commits aggravated manslaughter of an elderly person or disabled adult, a felony of the first degree ... (emphasis supplied)
The statute requires the state to prove (1) that a person was deceased; (2) that the deceased person was elderly or an disabled adult; and (3) that the death resulted "by culpable negligence under s. 825.102(3)."
Section 825.102(3)(a) requires a "caregiver" to commit the described conduct which constitutes culpable negligence. This includes the deprivation of the basic necessities of life and failure to provide medical care. Specifically, the statute provides that a caregiver's failure or omission to provide "the care, supervision, and services necessary to maintain the elderly person's physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine and medical services that a prudent person would consider essential for the well being of the elderly person," constitutes the requisite proscribed negligence.
The trial court instructed the jury as follows:
Before you can find the defendant guilty of aggravated manslaughter of an elderly person, the state must prove the following four elements beyond a reasonable doubt: One, Margaret Witham is dead; two, the death of Margaret Witham was caused by the culpable negligence of Mary Bayer; three, Mary Bayer was the caregiver for Margaret Witham; four, Margaret Witham was an elderly person.
* * *
A person who causes the death of an elderly person by culpable negligence by neglect of an elderly person commits aggravated manslaughter of an elderly person.
The judge then gave the standard jury instruction on culpable negligence, which requires that the jury find willful or intentional conduct on the part of the defendant. Section 825.102(3) proscribes neglect caused either willfully or by culpable negligence. Sieniarecki v. State, 756 So.2d 68 (Fla.2000).
The judge then instructed the jury concerning the meaning of neglect pursuant to section 825.102(3)(a), the statute referenced by 782.07(2), the crime with which Bayer was charged:

*313 Neglect of an elderly person means: one, a caregiver's failure or omission to provide an elderly person with care, supervision and services necessary to maintain the elderly person's physical and mental health including but not limited to food, nutrition, clothing, shelter, supervision, medicine and medical services that a prudent person would consider essential for the well-being of the elderly person; or, two, a caregiver's failure to make a reasonable effort to protect an elderly person from abuse, neglect or exploitation by another person.
Neglect of an elderly person may be based on repeated conduct or on a single incident or commission that results in or could reasonably be expected to result in serious physical or psychological injury or a substantial risk of death to an elderly person.
The court also included the definitions of caregiver and elderly person contained in section 825.101(2) and (5):
Caregiver means a person who has been entrusted with or has assumed responsibility for the care or the property of an elderly person. Caregiver includes but is not limited to relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers and employees and volunteers of facilities.
Elderly person means a person 60 years of age or older who is suffering from the infirmities of aging that's manifested by advanced age or organic brain damage or other physical, mental or emotional dysfunctioning to the extent that the ability of a person to provide adequately for the person's own care or protection is impaired.
This thorough instruction tracks the language of the charged offense, and the interrelated statutes, including the definitions which are indispensable to a conviction under the charged offense. There is no error here.
AFFIRMED.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.
NOTES
[1] Bayer's requested instruction on causation was based on Eversley v. State, 748 So.2d 963 (Fla.1999).

`Cause': The State must prove beyond a reasonable doubt (1) that Mary Bayer's conduct was the `cause in fact' of the death of Margaret Witham and (2) that Mary Bayer's conduct was the `proximate cause' of the death of Margaret Witham. To establish `cause in fact' the State must prove that but for Mary Bayer's conduct, the death would not have occurred. To establish `proximate cause' the State must prove that (1) the prohibited result of Mary Bayer's conduct, the death of Margaret Whitam, is not beyond the scope of any fair assessment of the danger created by Mary Bayer's conduct and (2) that it is not unjust or unfair to hold Mary Bayer criminally responsible for the death of Margaret Whitam.
But in Eversley, the supreme court determined that the statute with which the defendant was charged did not include the failure to provide medical care as causation, and for that reason, a cause in fact evaluation was necessary. The court noted, however, that the statute had been amended to include medical care and that the result would be different under the amended statute.