791 So.2d 598 (2001)
William Alexander FARRELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3123.
District Court of Appeal of Florida, Third District.
August 29, 2001.
*599 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before JORGENSON, COPE, and RAMIREZ, JJ.

ON MOTION FOR REHEARING, REHEARING EN BANC OR CERTIFICATION
RAMIREZ, J.
We grant appellant William Alexander Farrell's motion for rehearing only to address the trial court's ruling regarding the prosecutor's comments during closing argument. We therefore withdraw our opinion filed on March 7, 2001, and substitute the following in its place. The motion for certification is also denied.
Farrell appeals his conviction and sentence for two counts of lewd, lascivious, and indecent assault upon a child. We affirm.
Farrell argues that he cannot be convicted under section 800.04, Florida Statutes (1997), because the only evidence presented at trial involved the victim touching him, not the other way around. We disagree. "Lewd and lascivious conduct is not limited to acts involving physical contact, threat thereof or manifested desire therefor." Egal v. State, 469 So.2d 196, 198 (Fla. 2d DCA 1985). The intent required by section 800.04 "can be imputed from the circumstances." Thus, the requisite intent can be imputed from Farrell's acquiescence to the child's touch.
Farrell also argues that pursuant to Gonzalez v. State, 774 So.2d 796 (Fla. 3d DCA 2000), the prosecutor's misstatements during closing argument required that the motion for a new trial be granted. In Gonzalez, the defendant claimed a confidential informant had arranged the transaction which led to his arrest for trafficking in cocaine. The State was successful in excluding the identity of the confidential informant and then alluded during closing argument to the resulting lack of identification as evidence of the invalidity of Gonzalez's defense. The defense objection to the State's comments was overruled and no curative instructions were given. Because the prosecutor's comments attacked the very heart of Gonzalez's defense, this Court held that the error was not harmless.
*600 In this case, the State was successful in excluding testimony regarding anonymous hotline tips accusing other members of the victim's family of sexually abusing the victim. Farrell sought to introduce the testimony in order to impeach the victim's mother, one of the State's primary witnesses. The victim's mother was allowed to testify that, when asked what the victim did with "Uncle Bill," the child had said that they played "the peter game" and had then simulated oral sex with a sausage taken from the refrigerator. This was not the mother's main testimony, however, and was only allowed for the very limited purpose of explaining the victim's mother's state of mind when she deliberately left her daughter with Farrell in order to confirm her suspicions regarding Farrell's misconduct. Unlike Gonzalez, the testimony was not excluded and then used to attack Farrell's defense.
During closing argument, the prosecutor reminded the jury that Farrell "is the only one who played the peter game, the only one with the sausage." The defense objection was sustained and the trial court gave a curative instruction regarding the limited purpose for which the testimony had been introduced, an instruction it had given at the time the testimony was allowed.[1] The trial court repeated the curative instruction for a third time during its final instructions to the jury.[2]
"A ruling on a motion for a mistrial is within the sound discretion of the trial court and should be `granted only when it is necessary to ensure that the defendant receives a fair trial.'" Gore v. State, 784 So.2d 418, 26 Fla. L. Weekly S257, S259 (Fla. April 19, 2001). The use of a harmless error analysis is not necessary where the trial court recognizes the error and gives a curative instruction. See Goodwin v. State, 751 So.2d 537, 547 (Fla. 2000). Under the circumstances of this case, the trial court's rulings were all within its discretion.
Even applying a harmless error analysis, the prosecutor's comments did not warrant a mistrial. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986) ("The question is whether there is a reasonable possibility that the error affected the verdict."). See also Lopez v. State, 555 So.2d 1298, 1299 (Fla. 3d DCA 1990) (In order for the prosecutor's comments to merit a new trial, the comments must be of such nature so as to materially contribute to the defendant's conviction or be so inflammatory that they might influence the jury to reach a more severe verdict than they would have reached otherwise.)
The prosecutor's misstatements alluding to the "peter game" and "the sausage" pertained to testimony which, if admitted as substantive, would support a conviction of the charge of attempted sexual battery on a minor, specifically oral sex. The jury acquitted Farrell of attempted sexual battery, a strong indication that the jury heeded the trial court's instructions and that the prosecutor's comments did not contribute to Farrell's conviction. Thus, *601 the trial court properly denied Farrell's motion for mistrial.
Affirmed.
NOTES
[1] "Ladies and gentlemen, I told you before, that [the] statement is not to be considered by you as any evidence of the defendant's guilt, only as it relates to the motivations of what [the victim's mother] did or didn't do as a result of it."
[2] "Let me remind you again that what the attorneys say, either in the form of a question or arguments or statements is not evidence. It's only the answers of the witnesses. Also want to remind you that if a piece of evidence or testimony was submitted before you for a limited purpose, you will have to follow my [instructions] and use it for only that limited purpose."