EVANDER, J.
Rains appeals his conviction for lewd and lascivious battery of a twelve-year-old boy. He was charged pursuant to section 800.04(4)(a), Florida Statutes (2003). We affirm.
Rains was a middle school math teacher. He also conducted an after-school activity program in his classroom. The program included recreational activities. One of the activities was Nerf basketball.
The victim was a student of Rains who frequently participated in Rains’ after-school activity program. There were apparently several occasions during which Rains and the victim were the last people to leave the classroom.
The victim testified that on some of the occasions when they were alone, Rains would lock the classroom door. They would then play Nerf basketball which would include wrestling. During some of these Nerf basketball/wrestling games, Rains would ask the victim to sit on his face. The victim, while fully clothed, would comply with Rains’ request. Eventually, Rains requested the victim sit on his face with the victim’s pants pulled down. Again, the victim complied with Rains’ request.
On the last (or second to last) day of the school year, the victim testified he was again the last student in Rains’ after-school activity program. Rains locked the classroom door and the two engaged in their Nerf basketball/wresting game. On this occasion, Rains asked the victim to put his penis in Rains’ mouth. The victim complied with Rains’ request.
Prior to his arrest, Rains gave the police a taped statement. This statement was presented to the jury. In his statement, Rains acknowledged there were occasions when he was alone in his classroom, after school, with the victim. He denied he ever locked the classroom door. He admitted there were two occasions, when they were wrestling, the twelve-year-old put him in a headlock, forced his mouth open, and put his penis in Rains’ mouth. He acknowledged he probably could have prevented the sexual contact without hurting the child, but failed to do so.
At trial, Rains testified that while he was lying on the ground on his stomach during one of these Nerf basketball/wrestling games, the twelve-year-old boy “grabbed my face. His pants were already down, and he grabbed my face and *41 he put his privates on my face and shouted, Give, Give,? And I give, and then he gets up. One second or two.... It happened that fast.”
On appeal, Rains first argues the trial court erred by refusing to give the Standard Jury Instruction for lewd and lascivious battery. However, the Standard Jury Instruction was adopted in 1981. In 1999, the Legislature significantly amended section 800.04. We find the trial court correctly recognized that the Standard Jury Instruction was not appropriate for the amended statute. The jury instruction given by the trial judge read, as follows:
To prove the crime of lewd or lascivious battery, the state must prove the following two elements beyond a reasonable doubt:
1. [Name of alleged victim] was 12 years of age or older but under the age of 16 years.
2. Vincent Rains committed an act upon or with [name of alleged victim] in which the sexual organ of [name of alleged victim] penetrated the mouth of Vincent Rains.
Neither the victim’s lack of chastity nor the victim’s consent is a defense to the crime charged.
The trial court’s instruction tracked the language of the statute. Bayer v. State, 788 So.2d 310 (Fla. 5th DCA 2001), rev. denied, 816 So.2d 125 (Fla.2002). Accordingly, we find no abuse of discretion.[1]
We also reject Rains’ second argument that the trial court’s use of the word “acquiesce,” in responding to a jury question, requires a reversal. During its deliberations, the jury sent the following question to the court:
Define the law — state has to prove— problem areas
1) committed an act upon? Does this mean willing participant
2) define lewd or lascivious battery
In answering the first question, the trial judge advised the jury:
If you determine in your deliberations that the defendant did not acquiesce in the conduct and, therefore, is not a willing participant, then you should find the defendant not guilty. If you determine that the defendant did acquiesce in the conduct, then he may be considered a willing participant and you should find the defendant guilty if all of the other elements of the crime have been proved to you beyond and to the exclusion of a reasonable doubt.
“Acquiesce” can mean “assent tacitly; agree; consent.”[2] Applying this definition of acquiesce, the trial court’s response to the jury question would be proper. Farrell v. State, 791 So.2d 598 (Fla. 3d DCA 2001), rev. denied, 817 So.2d 846 (Fla.2002). However, as argued by Rains, “acquiesce” can also mean “submit or comply quietly.”[3] Therefore, Rains argues the jury may have been misled to believe that a guilty verdict was required even if the jury found that the twelve-year-old was the aggressor and Rains “submitted quietly,” but not willingly.
Although it would have been preferable for the trial judge not to use the word *42 “acquiesce,” we do not believe there was a reasonable possibility that the jury was misled by the court’s instruction. Neither the victim’s testimony nor appellant’s videotaped statement would support a conclusion that appellant had submitted unwillingly to sexual contact with the child. Furthermore, if the jury accepted Rains’ trial testimony, neither definition of “acquiesce” would be applicable. Rains’ testimony was that the entire event occurred so rapidly that he had no opportunity to respond. Thus, he did not have the opportunity to “assent tacitly, agree or consent.” Nor did he have the opportunity to “submit or comply quietly.”
To commit an act requires a person to act deliberately.[4] Rains’ trial testimony, if accepted, would have simply supported the conclusion that Rains did not “commit” any sexual act upon or with the child. Based on the verdict, it appears clear the jury found Rains’ trial testimony to not be credible.
We find no merit to the remaining issues raised by Rains.
AFFIRMED.
GRIFFIN, J., concurs.
PALMER, J., dissents with opinion.
PALMER, J.,
dissenting.
I respectfully dissent.
The appellant raised numerous claims of error in this appeal and I agree with the majority that most of the claims lack merit. For example, I reject the appellant’s contention that the trial court erred in excluding reverse Williams Rule Evidence,[5] including evidence that the complaining witness had sexually battered his cousins, had solicited homosexual men for sex, and had bullied other children by putting them in head locks and forcing them to “submit.” I agree with the majority that the trial court did not abuse its discretion in excluding this testimony on the grounds that it was not sufficiently factually similar to the acts alleged in this case. I also agree with the majority’s conclusion that the trial court did not err in refusing to issue the Standard Jury Instruction for the crime of lewd or lascivious battery. However, I disagree with the majority’s conclusion that there was no reasonable possibility that the jury was misled by the trial court’s improper instruction on the crime of lewd or lascivious battery.
Trial courts should give jury instructions which are not confusing, contradictory, or misleading. Butler v. State, 493 So.2d 451 (Fla.1986). The instant record, on its face, demonstrates that the jury instruction at issue in this case was erroneous because it was both confusing and misleading. If the appellate court cannot determine, beyond a reasonable doubt, that a trial court’s erroneous instruction did not affect the jury’s verdict, then the error is, by definition, harmful. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Here, the error was harmful.
The instant instruction was confusing because the trial court used the word “acquiesce” without defining the word and, as pointed out in the majority opinion, “acquiesce” has at least two contradictory definitions. The majority opinion concludes that there was no reasonable possibility that the jury was mislead by the trial court’s instruction based upon a definition of the word “commit” which requires proof of deliberate action. Unfortunately, that *43 definition was not given to the jury, so the court’s use of that word could not prevent the confusion which may have occurred here.
The instruction was also misleading because it directed the jurors that, if they found acquiescence on the part of the appellant, then the appellant should be found guilty (provided that all of the other elements of the crime were proven), rather than instructing them that, if they found acquiescence, they needed to determine whether that acquiescence reasonably implied the appellant’s consent.
Here, the issue of whether the appellant was a willing participant in the instant sexual encounter was obviously of concern to some or all of the jurors since, during deliberations, they asked the trial court whether the appellant needed to be a willing participant in order to be found guilty of committing a lewd or lascivious battery. The trial court should have answered that question simply by saying “yes.” Instead, over defense counsel’s objection, the trial court gave the jurors the confusing and misleading instruction.
I strongly disagree with the majority’s application of harmless error based on the reasoning that “neither the victim’s testimony, nor appellant’s videotaped statement would support a conclusion that appellant had submitted unwillingly to the sexual contact with the child.” As noted in the majority opinion itself, the appellant stated that the 12-year-old student put him in a headlock, forced his mouth open, and put his penis in the appellant’s mouth. This testimony, if believed by the jury, certainly could support a conclusion that the appellant had submitted unwillingly to the sexual contact with the student, even with the appellant acknowledging that he probably could have prevented the sexual contact without hurting the student, (whom he described as 5'10" tall and 185 lbs.), but failed to do so.
I would reverse the appellant’s judgment and sentence and remand this matter to the trial court for a new trial because the trial court’s jury instruction was erroneous and it is impossible to determine that there was no reasonable possibility that the jury was mislead by that instruction.

.The Florida Supreme Court Committee on Standard Jury Instructions in Criminal Cases has submitted a proposed jury instruction for amended section 800.04. The Committee’s petition seeking approval of the proposed instruction is currently pending before the Supreme Court. Amended Report No. 2005-03. The trial court’s instruction was consistent with the Committee’s proposed Standard Jury Instruction.

. http://dictionary. reference.com/brcAvse /acquiesced.

. Id.See also Merriam-Webster on Line Dictionary httpllm--w.com.

. See Memam-Webster on Line Dictionary httpHm-2.com (defining "commit” to mean "to carry into action deliberately.”)

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).